NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-3715-13T3

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

  v.

AAKASH A. DALAL,

      Defendant-Appellant.

_____

> APPROVED FOR PUBLICATION
>
> November 21, 2014
>
> APPELLATE DIVISION

Argued November 12, 2014 — Decided November 21, 2014

Before Judges Fisher, Nugent and Manahan.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Indictment Nos. 13-03-00374 and 13-08-01118.

Brian J. Neary argued the cause for appellant (Law Offices Brian J. Neary, attorneys; Mr. Neary, on the brief).

Annmarie Cozzi, Senior Assistant Prosecutor, argued the cause for respondent (John L. Molinelli, Bergen County Prosecutor, attorney for respondent; Ms. Cozzi, of counsel and on the brief; Elizabeth R. Rebein, Assistant Prosecutor, on the brief).

The opinion of the court was delivered by

FISHER, P.J.A.D.

    We granted leave to appeal to examine an order which denied

defendant's motion to recuse the Bergen County judiciary from

presiding over this matter. The problem at hand arose when the State advised it would offer evidence at trial that defendant threatened the lives of two Bergen judges. Not because we possess any doubt about the trial judge's ability to fairly and impartially preside over this matter, but because, in the final analysis, "justice must satisfy the appearance of justice," Offutt v. United States, 348 U.S. 11, 14, 75 S. Ct. 11, 13, 99 L. Ed. 11, 16 (1954), we reverse and remand to the assignment judge for entry of an appropriate order.

On February 29, 2012, defendant was charged in a Complaint-Summons with criminal mischief, a disorderly-persons offense, N.J.S.A. 2C:17-3(a)(1), based on an allegation that he spray-painted anti-Semitic graffiti on a Hackensack synagogue. The next day defendant was charged in a Complaint-Warrant with: first-degree aggravated arson of a Rutherford synagogue, N.J.S.A. 2C:17-1(a); first-degree bias intimidation, N.J.S.A. 2C:16-1(a); and first-degree conspiracy to commit aggravated arson, N.J.S.A. 2C:5-2(a)(2) and N.J.S.A. 2C:17-1(a). He was also charged that same day, by way of another Complaint-Warrant, with fourth-degree bias intimidation. The day after that, defendant was charged in another Complaint-Summons with the disorderly persons offense of criminal mischief at a Maywood synagogue, and fourth-degree bias intimidation, and in another

Complaint-Warrant with two counts of first-degree conspiracy to commit aggravated arson.

On March 2, 2012, bail was set by the criminal presiding judge (hereafter "presiding judge") at $2,500,000. Defendant's motion for a bail reduction was denied by another judge (hereafter "bail judge") on April 20, 2012. Defendant moved for leave to appeal, and we summarily reduced the amount of bail to $1,000,000; we also remanded for consideration of other appropriate bail conditions.

Before the remand proceedings could occur, defendant was charged in another Complaint-Warrant with: first-degree conspiracy to murder a Bergen County Assistant Prosecutor, N.J.S.A. 2C:5-2(a)(1) and N.J.S.A. 2C:11-3; third-degree conspiracy to possess a firearm for an unlawful purpose, N.J.S.A. 2C:5-2(a)(1) and N.J.S.A. 2C:39-4; and third-degree terroristic threats, N.J.S.A. 2C:12-3(b). The presiding judge set bail at $3,000,000 without a ten percent option.

On November 14, 2012, defendant moved before the assignment judge for a change of venue and the recusal of the Bergen County Prosecutor's Office.

On March 1, 2013, the grand jury returned an indictment charging defendant with: fourth-degree bias intimidation at a Maywood synagogue; fourth-degree criminal mischief at a

Hackensack synagogue; three counts of first-degree conspiracy to commit arson; two counts of first-degree aggravated arson; three counts of first-degree bias intimidation; three counts of second-degree possession of a destructive device, a Molotov cocktail, for an unlawful purpose; three counts of third-degree unlawful possession of a destructive device; first-degree attempted arson; third-degree hindering apprehension; first-degree terrorism, N.J.S.A. 2C:38-2(b)(1); and second-degree terrorism, N.J.S.A. 2C:38-4.

Defendant moved for a reduction of bail. Another judge, who later entered the order now in question, set a consolidated bail on all charges of $4,000,000. Defendant again moved for leave to appeal. We denied this application on July 30, 2013.

A week later, the grand jury returned an indictment charging defendant with: first-degree conspiracy to murder a Bergen County Assistant Prosecutor (the same prosecutor referred to in the earlier charges); second-degree conspiracy to possess an assault firearm, N.J.S.A. 2C:5-2(a)(1) and N.J.S.A. 2C:39-5(f); and third-degree terroristic threats, N.J.S.A. 2C:12-3(a).

Defendant promptly moved to dismiss both indictments; he also sought to recuse the presiding judge from further involvement. In responding to the latter, the State acknowledged there was "a significant reason" for recusal

because the State intended "to introduce into evidence at the trial in this case evidence that defendant has listed [the presiding judge] as a target." The presiding judge transferred control over the proceedings to another judge (hereafter "the trial judge"), thereby viewing the motion to recuse as moot.

At approximately the same time, defendant continued to press his motion to change venue and expanded on the application by referring to statements made by the Bergen County Prosecutor during a news conference. The trial judge denied defendant's motion by order entered on November 12, 2013.

Defendant subsequently moved to recuse the Bergen County judiciary from further involvement in these matters. The trial judge heard argument and denied the motions for reasons set forth in an oral decision of February 18, 2014. An order memorializing this ruling was entered on March 4, 2014.

Defendant moved for — and we granted — leave to appeal the March 4, 2014 order.

In this interlocutory appeal, defendant argues that the Bergen County judiciary must be recused because the State either intends to rely upon or has otherwise injected into these proceedings information that two Bergen County judges — the presiding criminal judge and the bail judge — were "allegedly named by defendant as potential murder victims." In these

circumstances, defendant claims an air of impropriety will permeate the proceedings if any Bergen judge were to preside in this case.

We are mindful a decision to recuse resides in the trial judge's sound discretion. See Panitch v. Panitch, 339 N.J. Super. 63, 66 (App. Div. 2001). We have also said that it is inappropriate for a judge to withdraw from a case "unless the alleged cause of recusal is known by [the judge] to exist or is shown to be true in fact." Hundred East Credit Corp. v. Eric Schuster Corp., 212 N.J. Super. 350, 358 (App. Div.), certif. denied, 107 N.J. 60 (1986). For these reasons, the State urges our denial of relief.

We recognize defendant has not been charged with threatening the presiding judge or the bail judge, and there appears to be no actual conflict of interest that would require recusal. But defendant is entitled to relief if "a fully informed person might reasonably question the impartiality of a judge[.]" In re Advisory Letter No. 7-11 of the Supreme Court Advisory Comm., 213 N.J. 63, 78 (2013). After carefully considering the circumstances, we conclude that a reasonable person would harbor such doubts despite our own confidence that the trial judge could fairly and impartially preside over this matter.

The State argues, in quoting from <u>Illinois v. Allen</u>, 397 <u>U.S.</u> 337, 346, 90 <u>S. Ct.</u> 1057, 1062, 25 <u>L. Ed.</u> 2d 353, 360-61 (1970), that we should affirm because to do otherwise would "permit our courts to be bullied, insulted and humiliated and their orderly process thwarted and obstructed by defendants brought before them charged with crimes." A recusal based on an appearance of impropriety, however, does not suggest weakness. To the contrary, vigilance in ensuring the fairness of our procedures in general, and as specifically applied in a prosecution charging the most heinous of offenses, is one of the Judiciary's great strengths.

The Judiciary's members are bound by "high standards of conduct," <u>Code of Judicial Conduct</u>, Canon 1, which favor the "avoid[ance] [of] all impropriety and appearance of impropriety," <u>id.</u>, comment on Canon 2. Although our courts must be careful to prevent these rules from becoming a source for manipulation by litigants, as to which there is no evidence here,[1] the rigorous application of these and the <u>Code</u>'s other

---

[1] We find insubstantial the suggestion that these alleged threats may have been made in order to provide a ground for seeking recusal. Threatening a judge for the mere purpose of seeking disqualification would come at a heavy price considering the seriousness of such a crime. We doubt our decision today would encourage threats against members of the judiciary as a new form of judge-shopping. <u>See</u>, <u>e.g.</u>, <u>United States v. Greenspan</u>, 26 <u>F.</u>3d 1001, 1007 (10th Cir. 1994) (recognizing that "threats
(continued)

regulations guarantee for society the most fair and impartial judiciary conceivable. Consequently, even though we may assume arguendo defendant was the author of the problem at hand, and even though we are confident the trial judge could actually preside fairly and impartially, we conclude that the appearance of fairness in the future proceedings will be impaired so long as a Bergen judge presides over the matter. Our ruling essentially turns on what Chief Justice Rabner expressed for the Court in DeNike v. Cupo, 196 N.J. 502, 506 (2008): "[t]he Judiciary derives its authority from the State Constitution but earns the public's confidence through acts of unquestioned integrity." See also Advisory Letter No. 7-11, supra, 213 N.J. at 70 (recognizing that "[c]ertainly, the public will lose faith in our justice system if it believes that judges are hearing cases despite conflicting interests that strain their ability to be impartial"). We conclude that the preservation of the appearance of fairness and impropriety — reasonably questioned in these circumstances — compels the granting of relief.

The order under review is reversed. We remand to the assignment judge for entry of an order either transferring the

---

(continued)
against judges are serious crimes, and any such ploy would likely result in further ancillary prosecution against a defendant in a way that may significantly multiply his or her problems with the law").

matter to another vicinage or arranging to have a judge from another vicinage preside over the case. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION