SYLLABUS

(This syllabus is not part of the opinion of the Court. It has been prepared by the Office of the Clerk for the convenience of the reader. It has been neither reviewed nor approved by the Supreme Court. Please note that, in the interest of brevity, portions of any opinion may not have been summarized.)

**State v. Aakash A. Dalal** (A-50-14) (075325)

**Argued April 28, 2015 -- Decided June 17, 2015**

**RABNER, C.J., writing for a unanimous Court.**

In this appeal, the Court considers defendant's motion to recuse the Bergen County judiciary from presiding over his criminal indictments: The State asserts that defendant threatened to kill or harm two judges in the Bergen Vicinage, and, on that basis, defendant claimed that reasonable questions could be raised about the appearance of impartiality if a Bergen County judge presided over the indictments.

Two indictments are pending against defendant Aakash Dalal. The first charges defendant with a series of offenses directed against four synagogues and a Jewish community center. Many of the charges first appeared in six criminal complaints filed in February and March 2012. The presiding judge of the criminal division at the time initially set bail at $2.5 million. The following month, another judge denied defendant's request to reduce his bail.

While defendant was in custody, an informant reported that defendant allegedly made threats against public officials and buildings. Law enforcement obtained a search warrant for defendant's jail cell, where officials found handwritten documents, including a chart of "ENEMIES" that listed the criminal presiding judge as a "high profile" enemy and the assistant prosecutor on defendant's case as a "tactical" enemy. The words "DEAD COPS, DEAD COPS" appear on another page, which also features a chart of "ENEMIES," naming the presiding judge and the judge who ruled on defendant's bail at the top of the diagram. The assistant prosecutor and others are listed as well. As a result, defendant was charged with conspiracy to murder the assistant prosecutor, conspiracy to possess a firearm, and terroristic threats. On August 7, 2013, a Bergen County grand jury indicted defendant on those charges.

Defendant moved to dismiss both indictments and sought to recuse the presiding judge. After the State observed that the evidence provided "a significant reason" for the court to recuse itself, the presiding judge transferred the proceedings to a third judge (the "trial court"). The trial court subsequently denied defendant's motions to recuse the Bergen County Prosecutor's Office and for a change of venue based on pretrial publicity.

On December 6, 2013, defendant filed a motion to recuse the Bergen County judiciary from presiding over any matters relating to him. He argued that, with two judges allegedly "named as potential murder victims" of defendant, reasonable questions about the appearance of impartiality required recusal. The trial court denied the motion, finding that, "a reasonabl[e] person would not conclude that defendant would be denied a fair and unbiased hearing" in Bergen County. The court explained that "[i]t would be improper to allow a defendant to force disqualification of this Court, much less the entire Bergen County Judiciary when making threatening comments towards judges. It would be the crudest form of judge shopping."

The Appellate Division granted defendant's motion for leave to appeal and reversed. State v. Dalal, 438 N.J. Super. 156 (App. Div. 2014). Although the panel was "confident the trial judge could actually preside fairly and impartially," it concluded that "the appearance of fairness in the future proceedings will be impaired so long as a Bergen judge presides over the matter." The panel remanded the matter to the assignment judge to either transfer the matter to another vicinage or arrange to have a judge from another vicinage preside over the case. The assignment judge transferred the matter to an adjacent county -- the Passaic Vicinage.

The Court granted the State's motion for leave to appeal. 221 N.J. 216 (2015). In considering the appeal now before it, the Court notes two relevant developments since the motion was first addressed: Neither the presiding judge nor the judge who ruled on defendant's bail now serve in the Bergen Vicinage. Effective May 1, 2015, the presiding judge was assigned to the Passaic Vicinage, Civil Division for reasons unrelated to this matter. The other judge retired in August 2014.

1

**HELD:** Not all threats or efforts to intimidate a judge will require recusal. However, given the serious nature of the threat, the absence of any proof of manipulation, the potential introduction of the evidence in one of the trials, and the relationships among judges within the Bergen Vicinage, a reasonable, fully informed observer could have doubts about a Bergen County judge's impartiality. In light of recent developments, the matter is remanded to the Bergen County assignment judge for further proceedings consistent with this opinion.

1. The standard to assess defendant's request for recusal is set forth in DeNike v. Cupo, 196 N.J. 502, 517 (2008): "Would a reasonable, fully informed person have doubts about the judge's impartiality?" In cases like the one presented here, there is an additional concern: that defendants not be allowed to manipulate the judicial system and engage in forum shopping. On this issue, the Court looks to the Tenth Circuit's decision in United States v. Greenspan, 26 F.3d 1001 (10th Cir. 1994), for guidance. In Greenspan, federal agents investigated allegations that the defendant plotted to kill the trial judge or members of the judge's family. The Tenth Circuit concluded that a reasonable person might have questioned the judge's impartiality, and held that recusal was required. However, the Court emphasized that not all threats against a judge will require that judge's recusal. The panel explained, "[h]ad there been any reason to believe that threats were made only in an attempt to obtain a different judge, to delay the proceedings, to harass, or for other vexatious or frivolous purpose, recusal would not have been warranted." Other courts have focused on similar concerns. (pp. 6-9)

2. This Court agrees that when there is any evidence that a defendant has conveyed a threat to prompt the recusal of a judge or somehow manipulate the proceedings, recusal is not required. To assess a defendant's objective, a judge may consider direct evidence and also draw reasonable inferences from the record. When judges apply the DeNike standard in a case that involves a threat against a member of the Judiciary, they may consider the following factors, among others: the nature and context of the threat; whether there is any evidence that the threat was designed, in whole or part, to manipulate the system and/or force a recusal; whether the threat was meant to be communicated to the judge or was delivered in connection with a court proceeding relating to the defendant's case; whether evidence of the threat will be presented or referred to at trial; and whether the judge presiding over the case is the object of the threat. In the unusual circumstances of this matter, the Court also considers whether any judge who has been threatened is still serving in the vicinage. The timing of a threat matters as well. For example, an outburst in the middle of a trial, with the presentation of evidence to a jury underway, might reasonably be seen as an attempt to thwart the orderly administration of justice and would not necessarily call for recusal. (pp. 9-10)

3. In this matter, the State concedes that there is no evidence that defendant's alleged threat was intended to manipulate the proceedings. And there is no reason based on the record to think that defendant planned to reveal the alleged threats to either judge. Under the circumstances, if either judge listed in the documents presided over the case, the Judiciary's impartiality could reasonably be called into question. Notably, defendant's recusal motion is directed at the Bergen County judiciary. The social and professional relationships shared among judges within a vicinage can raise legitimate questions about the appearance of impartiality when a colleague presides over a case involving a serious threat against a fellow judge who serves in the same vicinage. That said, the circumstances of the two judges named in the alleged threats have changed. One has been reassigned to another vicinage -- the vicinage to which the assignment judge transferred the case -- and the other has retired. In light of recent developments, the matter is remanded to the Bergen County assignment judge for further consideration. (pp. 10-11)

4. Given the serious nature of the threat, the absence of any proof of manipulation, the potential introduction of the evidence in one of the trials, and the relationships among judges within the Bergen Vicinage, the Court finds that a reasonable, fully informed observer could have doubts about a Bergen County judge's impartiality. The Court therefore remands this matter to the assignment judge to determine whether (1) to ask the Chief Justice to bring in a judge from another vicinage, or (2) to transfer the case to another vicinage. (pp. 11-12)

The matter is **REMANDED** to the assignment judge in Bergen County for further proceedings consistent with this opinion. The Court asks that the matter be resolved expeditiously. Jurisdiction is not retained.

**JUSTICES LaVECCHIA, ALBIN, PATTERSON, FERNANDEZ-VINA, SOLOMON, and JUDGE CUFF (temporarily assigned) join in CHIEF JUSTICE RABNER's opinion.**

2

STATE OF NEW JERSEY,

    Plaintiff-Appellant,

       v.

AAKASH A. DALAL,

    Defendant-Respondent.

Argued April 28, 2015 – Decided June 17, 2015

On appeal from the Superior Court, Appellate
Division, whose opinion is reported at 438
N.J. Super. 156 (App. Div. 2014).

Annmarie Cozzi, Senior Assistant Prosecutor,
argued the cause for appellant (John L.
Molinelli, Bergen County Prosecutor,
attorney; Ms. Cozzi and Anthony C. Talarico,
Assistant Prosecutor, on the brief).

Brian J. Neary argued the cause for
respondent.

CHIEF JUSTICE RABNER delivered the opinion of the Court.

This appeal relates to defendant's motion to recuse the Bergen County judiciary from presiding over two indictments against him. The State asserts that defendant threatened to kill or harm two Superior Court judges in the Bergen Vicinage. In light of that, defendant claimed that reasonable questions could be raised about the appearance of impartiality if a Bergen County judge presided over the indictments.

1

The trial court denied defendant's motion.  The Appellate Division reversed.  Because of recent developments, we remand to the assignment judge for further proceedings consistent with the principles discussed below.

## I.

Two indictments are pending against defendant Aakash Dalal. The first indictment charges defendant and co-defendant Anthony Graziano with a series of offenses directed against four synagogues and a Jewish community center.  The twenty-nine count indictment, returned on March 1, 2013, includes allegations of criminal mischief, conspiracy, arson, attempted arson, bias intimidation, and weapons offenses.

Many of the charges first appeared in six criminal complaints filed in February and March 2012.  The presiding judge of the criminal division at the time initially set bail at $2.5 million.  The following month, another judge denied defendant's request to reduce his bail.

While defendant was in custody on the complaints, an informant contacted federal authorities about threats defendant allegedly made against public officials and buildings.  The investigation that followed led law enforcement to get a search warrant and search defendant's jail cell on or about June 27, 2012.

During the search, Bergen County and federal officials found certain handwritten documents. One piece of paper depicts a chart of "ENEMIES" and lists multiple names. The criminal presiding judge is listed as a "high profile" enemy. An assistant prosecutor on the case is also listed and is identified as a "tactical" enemy.

The words "DEAD COPS, DEAD COPS" appear on another sheet of paper, which also features a chart of "ENEMIES." That chart names the presiding judge and the judge who ruled on defendant's bail at the top of the diagram. The assistant prosecutor and others are listed as well. Dozens of variations of the signature "Aakash Dalal" also appear on the page.

On June 27, 2012, the Bergen County Prosecutor's Office filed another complaint that charged defendant with conspiracy to murder the assistant prosecutor, conspiracy to possess a firearm, and terroristic threats. A Bergen County grand jury indicted defendant for the same charges on August 7, 2013 (the "second indictment"). That indictment does not charge defendant with any threats against the judges. In its presentation to the grand jury, the State offered the documents described above. A witness also summarized information relayed by the informant, which included statements defendant allegedly made about wanting to kill the assistant prosecutor and targeting the presiding judge and the judge who ruled on defendant's bail.

Defendant moved to dismiss both indictments and sought to recuse the presiding judge. In a letter to the presiding judge dated October 28, 2013, the State noted that it "intends to introduce . . . evidence that defendant has listed Your Honor as a target" in connection with the second indictment. The State observed that the evidence provided "a significant reason" for the court to recuse itself; the presiding judge then transferred the proceedings to a third judge (the "trial court"). The State also represented to the Appellate Division that it intends to seek to introduce the papers found in defendant's cell but that "it has no intention whatsoever of calling" as witnesses the presiding judge or the judge who ruled on defendant's bail.

On November 1, 2013, the trial court denied defendant's motions to recuse the Bergen County Prosecutor's Office and for a change of venue based on pretrial publicity.

Central to this appeal, defendant filed a motion on December 6, 2013 to recuse the Bergen County judiciary from presiding over any matters relating to him. Defendant argued that, with two judges allegedly "named as potential murder victims" of defendant, reasonable questions about the appearance of impartiality required recusal.

The trial court denied the motion. The court explained that "[i]t would be improper to allow a defendant to force disqualification of this Court, much less the entire Bergen

4

County Judiciary when making threatening comments towards judges. It would be the crudest form of judge shopping." The court concluded that, "based on these facts, a reasonabl[e] person would not conclude that defendant would be denied a fair and unbiased hearing" in Bergen County.

The Appellate Division granted defendant's motion for leave to appeal and reversed. State v. Dalal, 438 N.J. Super. 156 (App. Div. 2014). Although the panel was "confident the trial judge could actually preside fairly and impartially," id. at 162, it concluded that "the appearance of fairness in the future proceedings will be impaired so long as a Bergen judge presides over the matter." Ibid.

The panel remanded the matter to the assignment judge to enter an order "either transferring the matter to another vicinage or arranging to have a judge from another vicinage preside over the case." Id. at 163. The assignment judge transferred the matter to an adjacent county -- the Passaic Vicinage.

We granted the State's motion for leave to appeal. 221 N.J. 216 (2015).

II.

The State argues that the judgment of the Appellate Division is not supported by a "convincing legal basis" and will tacitly condone forum shopping. The State also objects that the

5

assignment judge transferred the matter without any input from the parties and victims.

Defendant counters that an "obvious" "appearance of impropriety . . . compels the recusal of the Bergen County judiciary." He contends that the impartiality of the Bergen County judiciary might reasonably be questioned because two of defendant's alleged "targets" are "colleagues and potential friends of all members of the Bergen County bench."

We also note two relevant developments since the motion was first addressed. Neither the presiding judge nor the judge who ruled on defendant's bail now serve in the Bergen Vicinage. Effective May 1, 2015, the presiding judge was assigned to the Passaic Vicinage, Civil Division, at the judge's request, for reasons unrelated to this matter. The other judge retired in August 2014.

## III.

Canon 3(C)(1) of the Code of Judicial Conduct provides that "[a] judge should disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned." Likewise, Rule 1:12-1(g) directs that judges shall not sit in any matter "when there is any . . . reason which might preclude a fair and unbiased hearing and judgment, or which might reasonably lead counsel or the parties to believe so." The rules, thus, "address actual conflicts and bias as

6

well as the appearance of impropriety." State v. McCabe, 201 N.J. 34, 43 (2010). We are concerned only with the latter here.

The proper standard to assess defendant's request for recusal is set forth in DeNike v. Cupo, 196 N.J. 502, 517 (2008): "Would a reasonable, fully informed person have doubts about the judge's impartiality?" As the analysis section in the opinion reveals, the standard calls for an individualized consideration of the facts in a given case. See also In re Advisory Letter No. 7-11 of the Supreme Court Advisory Comm., 213 N.J. 63 (2013); McCabe, supra, 201 N.J. 34. DeNike does not set forth any bright-line rules.

In cases like this one, there is an additional concern: that defendants not be allowed to manipulate the judicial system and engage in forum shopping. The Tenth Circuit's decision in United States v. Greenspan, 26 F.3d 1001 (10th Cir. 1994), offers helpful guidance on this issue. The defendant in Greenspan pled guilty to drug charges and awaited sentencing. Id. at 1004. Around the same time, federal agents investigated allegations that the defendant plotted to kill the trial judge or members of his family. Id. at 1005. The judge -- aware of the allegations -- expedited the sentencing date so that defendant could be monitored more closely in a federal penitentiary. Ibid.

The Tenth Circuit concluded that a reasonable person might have questioned the judge's impartiality, and recusal was therefore required. Id. at 1005-06. But the Court emphasized that not all threats against a judge will require that judge's recusal. Id. at 1006.

In the case before it, the Tenth Circuit found there was "nothing in the record to suggest the threat was a ruse by the defendant in an effort to obtain a different judge" and no basis to "infer[] that the threat was some kind of ploy." Ibid. The panel also stressed that "the defendant did not communicate the death threat to the judge, nor is there any suggestion that the defendant ever intended the judge to learn of the threat before it was actually carried out." Ibid. Those facts, as well, failed "to suggest that the defendant was using the threat as a device to force a recusal." Ibid. Similarly, the Court noted that the "threat was not delivered in court or in connection with an official judicial proceeding involving this defendant." Ibid. The panel added, "[h]ad there been any reason to believe that threats were made only in an attempt to obtain a different judge, to delay the proceedings, to harass, or for other vexatious or frivolous purpose, recusal would not have been warranted." Ibid.

Other courts have focused on similar concerns. See, e.g., United States v. Beale, 574 F.3d 512, 520 (8th Cir. 2009)

8

(finding clear expression of intent to manipulate judicial system); In re Basciano, 542 F.3d 950, 954, 957-58 (2d Cir. 2008) (noting "significant possibility that the defendant's purpose in at least appearing to plot against the judge was to change judges"), cert. denied, 555 U.S. 1177, 129 S. Ct. 1401, 173 L. Ed. 2d 596 (2009); United States v. Holland, 519 F.3d 909, 916 (9th Cir. 2008) (finding judge "reasonably construed [defendant's] threatening phone message as an attempt to manipulate the court system"); see also SEC v. Bilzerian, 729 F. Supp. 2d 19, 25-26 (D.D.C. 2010) (citing Greenspan and inferring that defendant made alleged threat to delay proceedings).

Like those courts, we believe that when there is any evidence that a defendant has conveyed a threat to prompt the recusal of a judge or somehow manipulate the proceedings, recusal is not required. To assess a defendant's objective, a judge may consider direct evidence and also draw reasonable inferences from the record.

When judges apply the DeNike standard in a case that involves a threat against a member of the Judiciary, they may consider the following factors, among others: the nature and context of the threat; whether there is any evidence that the threat was designed, in whole or part, to manipulate the system and/or force a recusal; whether the threat was meant to be communicated to the judge or was delivered in connection with a

court proceeding relating to the defendant's case; whether evidence of the threat will be presented or referred to at trial; and whether the judge presiding over the case is the object of the threat. In the unusual circumstances of this matter, we also consider whether any judge who has been threatened is still serving in the vicinage.

The timing of a threat matters as well. For example, a defendant's outburst in the middle of a trial, with the presentation of evidence to a jury underway, might reasonably be seen as an attempt to thwart the orderly administration of justice and would not necessarily call for recusal. We would be reluctant to find that a judge abused his or her discretion in declining to transfer such a case. See McCabe, supra, 201 N.J. at 45. In short, not all threats or efforts to intimidate a judge will require recusal.

IV.

In this matter, the State concedes that there is no evidence that defendant's alleged threat was intended to manipulate the proceedings. At the pretrial stage, we make no final judgments about defendant's conduct. Taken at face value, though, the threats appear serious. And there is no reason based on the record to think that defendant planned to reveal the alleged threats to either judge. They were discovered in his jail cell pursuant to a search warrant.

10

Under the circumstances, if either judge listed in the documents presided over the case, the Judiciary's impartiality could reasonably be called into question. Defendant's recusal motion, of course, is directed at the Bergen County judiciary. We recognize that all judges in a vicinage meet together periodically and socialize as a group on occasion. Judges within a particular division also work more closely with one another on a substantive level. All of those relationships can raise legitimate questions about the appearance of impartiality when a colleague presides over a case involving a serious threat against a fellow judge who serves in the same vicinage.

That said, the circumstances of the two judges named in the alleged threats have changed. One has been reassigned to another vicinage -- the vicinage to which the assignment judge transferred the case. The other has retired.

In light of those developments, we believe it is necessary to remand the case to the current assignment judge for further consideration. Ordinarily, an assignment judge would have several options: to reassign the matter to a different judge within the vicinage; to ask that another judge from outside the vicinage be brought in to preside; or to transfer the case to another vicinage entirely. The first two approaches, of course, would eliminate a defendant's incentive to threaten a judge in order to try to force a change in venue.

11

Given the serious nature of the threat, the absence of any proof of manipulation, the potential introduction of the evidence in one of the trials, and the relationships among judges within the Bergen Vicinage, we believe that a reasonable, fully informed observer could have doubts about a Bergen County judge's impartiality.  We therefore remand the matter to the assignment judge to determine, after hearing from the parties, whether (1) to ask the Chief Justice to bring in a judge from another vicinage, see N.J. Const. art. VI, § 7, ¶ 2, or (2) to transfer the case to another vicinage.  We recognize that victims may seek to be heard as well.

We respectfully ask that the matter be resolved expeditiously.

V.

The matter is remanded to the assignment judge in Bergen County for further proceedings consistent with this opinion. Jurisdiction is not retained.

JUSTICES LaVECCHIA, ALBIN, PATTERSON, FERNANDEZ-VINA, SOLOMON, and JUDGE CUFF (temporarily assigned) join in CHIEF JUSTICE RABNER's opinion.

SUPREME COURT OF NEW JERSEY

NO.    A-50                          SEPTEMBER TERM 2014

ON APPEAL FROM       Appellate Division, Superior Court


STATE OF NEW JERSEY,

        Plaintiff-Appellant,

                v.

AAKASH A. DALAL,

        Defendant-Respondent.



DECIDED          June 17, 2015
                 Chief Justice Rabner                    PRESIDING
OPINION BY       Chief Justice Rabner
CONCURRING/DISSENTING OPINIONS BY
DISSENTING OPINION BY

| CHECKLIST | REMAND | |
|---|---|---|
| CHIEF JUSTICE RABNER | X | |
| JUSTICE LaVECCHIA | X | |
| JUSTICE ALBIN | X | |
| JUSTICE PATTERSON | X | |
| JUSTICE FERNANDEZ-VINA | X | |
| JUSTICE SOLOMON | X | |
| JUDGE CUFF (t/a) | X | |
| TOTALS | 7 | |