**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1843-18T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JEFFREY HOLDEN,

    Defendant-Appellant.

_____

Argued December 19, 2019 – Decided January 10, 2020

Before Judges Alvarez and Suter.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Municipal Appeal No. 18-017.

Matthew Whalen Reisig argued the cause for appellant (Reisig Criminal Defense and DWI Law, LLC, attorneys; Matthew Whalen Reisig, on the brief).

Monica Lucinda do Outeiro, Assistant Prosecutor, argued the cause for respondent (Christopher J. Gramiccioni, Monmouth County Prosecutor, attorney; Monica Lucinda do Outeiro, of counsel and on the brief and Heather A. Muh, Legal Assistant, on the brief).

PER CURIAM

On November 14, 2018, the Honorable Paul Escandon issued a cogent and thorough written decision, after a trial de novo on the record, denying defendant Jeffrey Holden's appeal of a driving while intoxicated (DWI), N.J.S.A. 39:4-50, conviction. See R. 3:23-8. Defendant's principal argument at the trial de novo was that the municipal court judge erred on June 12, 2018, when he denied defendant's motion for recusal. Immediately following the judge's denial of the motion, defendant entered a conditional guilty plea to his third DWI. The municipal court judge stayed defendant's service of the statute's mandatory penalties, including a ten-year suspension of driving privileges and a 180-day period of incarceration. See N.J.S.A. 39:4-50(a)(3) (2015).[1] Judge Escandon's November 14, 2018 decision and order affirming the decision remanded the matter "to the Municipal Court for the imposition of the defendant's sentence," effectively continuing the stay. We affirm, relying upon Judge Escandon's decision, with the following comments. Defendant is to promptly arrange with the municipal court to begin the sentence. The trial courts' stays are dissolved as of one week from the date of this decision.

---

[1] On December 1, 2019, the statute was amended and reduced the suspension from ten years to eight years. See N.J.S.A. 39:4-50(a)(3).

Defendant was charged on December 5, 2017. When the matter was relisted for hearing on May 8, 2018, defendant's attorney was absent due to a medical issue. The municipal court had been provided with a May 7 letter from counsel's doctor stating that due to "severe back pain," counsel was to "refrain from work-related duties for the next two weeks."

An associate from counsel's office had written to the court on May 6, the day before, that no one from the office would appear on defendant's behalf. The associate indicated that he was committed to appear in another municipal court on behalf of a client facing a more recent DWI charge.

Counsel underwent an MRI on May 8. The MRI report was completed May 9. It was not provided to the municipal court judge on the trial date because it did not exist at that time.

The objected-to material, the heart of defendant's application to recuse the municipal court judge, follows:

> THE COURT: . . . Okay. Mr. Holden, come on up. We'll get you on your way shortly. Mr. Holden is here. I was about to issue a bench warrant to him, but he was here, and then we thought he left. But he's come back, so that's fine.
>
> . . . I will have to adjourn the matter. The Court will -- it's not Mr. Holden's fault. I am very concerned as [counsel's associate] traveled to Pompton Lakes today on a newer DWI. They were told by my staff this

morning that that matter was newer, but they decided to go there anyway.

Mr. Holden has been waiting here patiently. We've received numerous letters from [counsel], many of them to my mind, at best, skate the truth as to the circumstances of this matter as it was scheduled I believe in April, maybe March. We scheduled it for May 1st for a conference and May 8th, today, for the trial.

. . . [N]o one was available to come to the conference. We let [counsel] know that today was the trial date, as we told him previously. The officers . . . are here and have been here, at least one of them. Mr. Holden has been here.

As I said earlier, defense counsel chose to go to Pompton Lakes on a newer matter when he should have appeared here.

Also, I have some concerns as to the letter that I received from -- with a doctor's note as I have some concerns as to that.

So, at this point the Court will determine and will, at the appropriate time, will issue an appropriate order, will determine the appropriate sanction, if any, with regard to [counsel]. It's not Mr. Holden's fault, so I would in no way look to punish Mr. Holden for the conduct of his attorney.

All right. Let's try to see when our next date -- I don't know what else we can do.

COURT CLERK: Let's do the 22nd and I will subpoena the officers.

4

THE COURT: All right. At this point, sir, and I'm going to give you the notice, the matter is on for May 22nd at one. Okay. Here's a notice for you, Mr. Holden, okay?

[Defendant]: Okay.

THE COURT: All right. We'll see you back here then.

[Defendant]: Thank you.

THE COURT: Thank you.

When the matter was relisted May 22, counsel informed the court he would be filing a motion for recusal. We repeat that colloquy:

THE COURT: [Counsel], whenever you can grab the Prosecutor, we'll start yours. I know we've kept you a long time. It's a horrible day, I do apologize.

(Court/clerk discussion)

[Counsel]: I'm actually holding it up in my right hand --

THE COURT: That's fine.

[Counsel]: You're going to interrupt me again? Can I continue with your permission?

THE COURT: [Counsel], once again, I suggest that you address the Court in the proper manner rather than attempting to scold the Court.

[Counsel]: Judge, I'm not ---

THE COURT: In any case, why don't you continue?

[Counsel]: Judge, and you can I can, again, agree to disagree because I haven't done anything of the kind and this record would reflect that.

THE COURT: You have scolded the Court, so, but in any case ---

[Counsel]: Again, you and I can agree to disagree on that. I'm not agreeing with you and I can do so respectfully.

THE COURT: In any case, proceed please.

[Counsel]: Thank you. On two occasions on May 8, 2018, you questioned the veracity of both my medical condition and my doctor's note. So when I received -- I actually read for the first time the certified transcript of proceedings for that court appearance, that date of May 8, 2018, in this Freehold Borough Municipal Court, which was today.

I then directed correspondence to Your Honor dated today with three attachments, which is the doctor's note of May 7, 2018, the certified transcript of proceedings on May 8, 2018 and my MRI radiology report, which occurred on May 8, 2018.

Based on Your Honor's comments, based on your attitude toward defense counsel today -- I would note it's 4:21 p.m. -- we are almost the last case here so for some reason we're being punished by the Municipal Court.

THE COURT: Not at all.

6

[Counsel]: Well, the record is clear that it's 4:21 now.

THE COURT: I have a full calendar here today. And the court here is paying for an interpreter here today. We have numerous interpreter cases.

[Counsel]: Judge, if you think --

THE COURT: I have a Prosecutor who is outside conferencing numerous cases including using the interpreter.

[Counsel]: Judge if you think that the court rule on adjourning matters with an attorney would be such that the last attorney in the courtroom is me based on a case that cannot be tried today because of an officer's unavailability, if you think keeping an attorney around on a 1 o'clock listing to 4:22 p.m. is in accordance with the foregoing and appropriate court rule, then you and I are going to agree to disagree.

The point is, Judge, your comments on the record on May 8, 2018, at a minimum would strongly suggest an appearance of a conflict of interest such that you're required to recuse yourself from this case. We will file a formal motion forthwith regarding that application to have Your Honor recused. It will be filed before this new trial date of Tuesday, June 12, 2018.

THE COURT: Okay. Thank you.

[Counsel]: And you're welcome.

THE COURT: All right. So, at this point the trial date is June 12th 2018. We're doing that at 4 o'clock?

7

COURT CLERK: Yes.

THE COURT: Okay. At 4 o'clock. I'm going to give a notice to everyone. Here's a notice for [counsel] as well as Mr. Holden.

[Counsel]: Thank you.

THE COURT: And the matter will be on on that date. Thank you.

[Counsel]: You're welcome.

At the next scheduled date, the municipal court judge denied the motion for recusal on the basis that his comments reflected only his frustration with the scheduling problem, the brevity of the doctor's note supporting counsel's postponement request, and the fact the associate chose to go to another court when this defendant's matter was older. He said:

> [It] was simply a scheduling matter. To my mind, it is water under the bridge. I have no personal animus toward Mr. Holden or to [counsel]. I was simply expressing the Court's frustration and the Court's desire, the Court's responsibility with regard to scheduling which is clearly the Court's matter, the Court's responsibility.

The judge added that he was confident that he could address the matter fairly.

Counsel applied for leave to file an interlocutory appeal, which request was denied. Counsel then stated that given denial of the motion and denial of the request for an interlocutory appeal, defendant would enter a conditional

8

guilty plea. Defendant then pursued the matter by way of the trial de novo before Judge Escandon.

Defendant raises the following point:

> THE LAW DIVISION ERRED IN DENYING DEFENDANT'S MOTION FOR DISQUALIFICATION ON DE NOVO REVIEW BECAUSE THE MUNICIPAL COURT WAS REQUIRED TO DISQUALIFY ITSELF SINCE IT HAS EVINCED AN ACTUAL BIAS AGAINST DEFENSE COUNSEL, WHICH CREATES AT LEAST AN APPEARANCE OF A CONFLICT OF INTEREST.

Our review of the record satisfies us that Judge Escandon did not err in his factual or legal determinations. There is sufficient credible evidence in the record supporting his factual conclusions. State v. Powers, 448 N.J. Super. 69, 72 (App. Div. 2016). The municipal court judge's determination that he could be fair and impartial to defendant, despite his expressed frustration with the scheduling problem he faced, is not contradicted either by the words he used, any action he took, or anything else on the record.

Where both the municipal court judge and the Law Division judge reach the same conclusions of fact, we defer "absent a very obvious and exceptional showing of error." State v. Robertson, 228 N.J. 138, 148 (2017) (quoting State v. Locurto, 157 N.J. 463, 474 (1999)). No such showing has been made.

A-1843-18T2

Judge Escandon held that since the record did not support a claim that the municipal court judge was biased, his decision not to recuse himself was proper. Judge Escandon noted that at the time the municipal court judge expressed skepticism about counsel's medical excuse, he did not have the MRI report. Once he had it, no sanction was imposed.

Judge Escandon did not consider the municipal court's delay on May 22 in hearing the matter, from 1:00 p.m. to 4:20 p.m., to demonstrate actual bias. The delay was the product of several interpreter cases also scheduled that day, and the costs such cases engender. Under Rule 7:14-3(a), a municipal court judge is required to the extent possible to give priority to attorney matters that are summary in nature. That rule cannot apply to a DWI trial because it is not a summary matter.

Judge Escandon also concluded that a four and a half-minute gap in the transcript was entirely innocent. The court turned off the recording system while counsel attempted to locate the prosecutor so the matter could be addressed.

At oral argument on appeal, counsel asserted that the standard for deciding recusal motions is the defendant's subjective thought process. To the contrary, the appearance of impropriety is tested by whether "a reasonable fully informed person" would doubt the judge's impartiality. See State v. Dalal, 221 N.J. 601,

606 (2015) (quoting <u>DeNike v. Cupo</u>, 196 N.J. 502, 517 (2008)). No reasonable person would assume from this record that the municipal judge's expressions of skepticism about counsel's excuse meant he could not thereafter be impartial. Judge Escandon's legal conclusion is also sound.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1843-18T2