**DLD-232**                                                            **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2271
_____

IN RE:  JOHN F. MARCHISOTTO,
                                                     Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to Civ. No. 3-19-cv-12540)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
July 9, 2020
Before:  RESTREPO, PORTER and SCIRICA, Circuit Judges

(Opinion filed: August 7, 2020)
_____

OPINION*
_____

PER CURIAM

John F. Marchisotto has filed a petition for a writ of mandamus requesting that we

intervene in a state court probate matter involving his deceased father.  For the following

reasons, we will deny the petition.

While the probate matter was pending in New Jersey Superior Court, Marchisotto

filed a complaint in the United States District Court for the District of New Jersey,

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

alleging, among other things, that the judge presiding in the probate proceedings, Judge Alberto Rivas, deprived him of the right to be heard and to have a fair and impartial judge hear his case. According to Marchisotto, Judge Rivas, acting "out of retaliation" in response to the federal lawsuit, filed false incident and police reports, claiming that Marchisotto threatened him with a gun.[1] Marchisotto also asserts that Judge Rivas "criminally harass[ed]" him and his family, and entered "Retaliatory Orders" against him in the probate proceedings. In the mandamus petition, Marchisotto asks that we "void" Judge Rivas' orders, suggests that we order Judge Rivas' recusal, and requests that we "make the Federal Authorities aware of this matter."

Our mandamus jurisdiction derives from 28 U.S.C. § 1651, which grants us the power to "issue all writs necessary or appropriate in aid of [our jurisdiction] and agreeable to the usages and principles of law." A writ of mandamus is an extreme remedy that is invoked only in extraordinary situations. See Kerr v. U.S. Dist. Court, 426 U.S. 394, 402 (1976). Traditionally, it may be used "only to confine an inferior court to a lawful exercise of its prescribed jurisdiction," id. (quotation marks and citations omitted), and our authority "to issue writs of mandamus under 28 U.S.C. § 1651 lies in cases in which potential appellate jurisdiction exists," In re Richards, 213 F.3d 773, 779 (3d Cir. 2000). To demonstrate that mandamus is appropriate, a petitioner must establish that he has a "clear and indisputable" right to the issuance of the writ and that he has "no other

---

[1] The "Judiciary Incident Report," which Judge Rivas submitted in January 2020, claimed that Marchisotto might be in possession of a firearm and "had been insistent in wanting to personally serve me" with the federal complaint.

adequate means" to obtain the relief desired.  Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).

We lack authority to compel Judge Rivas to vacate orders entered against Marchisotto in the probate proceedings, as, absent circumstances not present here, a federal court may not issue a writ of mandamus to compel action by a state court or state official.  See generally In re Grand Jury Proceedings, 654 F.2d 268, 278 (3d Cir. 1981) (a federal court "ordinarily may not issue a writ of mandamus to compel a state court to exercise a jurisdiction entrusted to it, nor may a federal court (with the exception of the Supreme Court) review a decision of a state tribunal through a writ of certiorari"); In re Wolenski, 324 F.2d 309, 309 (3d Cir. 1963) (per curiam) (explaining that a district court lacked jurisdiction "to issue a writ of mandamus compelling action by a state official").  For the same reason, we will not order Judge Rivas' recusal, which, in any event, Marchisotto has other means of obtaining—in the state-court system itself.  See State v. Dalal, 115 A.3d 1264, 1267-68 (N.J. 2015) (discussing standards for recusal of state court judges).  Finally, we conclude that mandamus relief is not warranted on Marchisotto's request that we "make Federal authorities aware of this matter."  Cf. Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.").

Accordingly, we will deny the petition.[2]

---

[2] Marchisotto's motion to recuse Judge Rivas is denied.