**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0291-24
A-0368-24

AAKASH DALAL,

     Plaintiff-Appellant,

v.

JOHN L. MOLINELLI,

     Defendant-Respondent.

_____

AAKASH DALAL,

     Plaintiff-Appellant,

v.

BERGEN COUNTY
PROSECUTOR'S OFFICE,

     Defendant-Respondent.

_____

Argued (A-0291-24) and Submitted (A-0368-24)
October 29, 2025 – Decided December 9, 2025

Before Judges Smith and Berdote Byrne.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket Nos. L-5229-24 and L-5225-24.

Aakash Dalal, appellant, argued the cause on appellant's behalf.

David Mateen, Assistant County Counsel, argued the cause for respondent in A-0291-24 (Thomas J. Duch, County Counsel, attorney; David Mateen, on the brief).

Eric M. Bernstein & Associates, LLC, attorneys for respondent in A-0368-24 (Eric M. Bernstein and Dominic P. DiYanni, on the brief).

PER CURIAM

In these two appeals, consolidated for the purposes of issuing one opinion, plaintiff Aakash Dalal appeals from the denial of his fee applications for indigency in connection with his attempts to file two complaints. In the first matter, plaintiff sought to file a complaint against John Molinelli in his capacity as the former prosecutor for alleged actions regarding a search warrant that was issued in 2012, which may have resulted in plaintiff's conviction and current incarceration. In the second matter, plaintiff sought certain records pertaining to the Bergen County Prosecutor's office (BCPO) allegedly relevant to his conviction and current incarceration. In each matter, the trial court determined the underlying complaint accompanying the fee application failed to state a claim upon which relief may be granted and denied both fee applications.

Additionally, plaintiff argues on appeal that all judges in the Bergen County vicinage are prohibited from deciding any matters he is involved in by virtue of the Supreme Court's pronouncement in State v. Dalal, 221 N.J. 601, 603 (2015), and, as such, the trial judge should have sua sponte recused himself from deciding either matter.

We find no support for plaintiff's argument that the trial judge should have recused himself. However, because the trial court failed to consider plaintiff's fee waiver application, but instead determined the unfiled complaints did not assert cognizable causes of action, we reverse the court's orders and remand both matters for the appropriate fee waiver review.

I.

We glean these scant facts from the complaints accompanying the fee applications. Plaintiff was prosecuted by the BCPO for multiple crimes involving synagogues in Bergen County, including aggravated arson, bias intimidation, conspiracy to commit aggravated arson, and criminal mischief that occurred between December 2011 and January 2012. Plaintiff was ultimately convicted in 2016 and sentenced to thirty-five years in prison.

A-0291-24

On June 18, 2024, plaintiff submitted a written request pursuant to the common law right of access to public records to the BCPO to secure records to support his post-conviction relief petition. The request sought:

1. All emails between any BCPO employees, including former Bergen County Prosecutor John L. Molinelli, and any employees of the Anti-Defamation League [ADL] during and between December 1, 2011 and present.

2. All emails among BCPO employees, including former Bergen County Prosecutor John L. Molinelli, during and between December 1, 2011 and August 1, 2017, mentioning any one of the following terms: "ADL", "Anti-Defamation League", "Etzion", "Etzion Neuer", "Dala[l]", "Graziano", [and] "Jeffrey Salkin".

3. All emails between former Bergen County Prosecutor John L. Molinelli, and any employees of the Jewish Federation of Northern New Jersey during and between December 1, 2011 and February 1, 2016.

4. All emails between former Bergen County Prosecutor John L. Molinelli and (a) State Senator Paul Sarlo or (b) former State Senator Loretta Weinberg during and between December 1, 2011 and February 1, 2016.

5. All emails between former Bergen County Prosecutor John L. Molinelli and employees of the Jewish Standard during and between December 1, 2011 and February 1, 2016.

6. All emails between former Bergen County Prosecutor John L. Molinelli and any members of the press or media concerning the undersigned requestor

4

during and between January 1, 2012 and February 1, 2016.

Plaintiff stated the public has an interest in disclosure of these records, as follows:

A March 5, 2012 email recently disclosed by BCPO Executive Assistant Prosecutor Thomas McGuire shows that former Bergen County Prosecutor John L. Molinelli unlawfully disclosed a search warrant affidavit to Etzion Neuer of the ADL in violation of R. 3:5-4. This was clear criminal conduct by Molinelli and further constitutes Brady material with regard to the undersigned's criminal conviction.

The undersigned has every intention of seeking to hold Molinelli in contempt, filing an ethics complaint against him, and using the already disclosed emails and any other emails that are produced in his post-conviction relief proceedings.

The ADL has a history of illegally using law enforcement officials as paid informants to gather sensitive information. The ADL also has a history of fabricating evidence in order to fuel criminal prosecutions and civil litigation. The public therefore has an interest in determining the extent of Molinelli's criminal conduct in service of the ADL.

The previous request was limited to emails between Molinelli and the ADL concerning the undersigned and his criminal case. It appears that the BCPO limited the scope of the search simply searching the term "Dalal" along with "Molinelli" and "ADL".

A-0291-24

> The factors delineated in <u>Loigman v. Kimmelman</u>, 102 N.J. 98 (1986) and <u>Rivera v. Union Cnty. Prosecutor's Off.</u>, 250 N.J. 124 (2022) counsel in favor of disclosure.

On July 15, 2024, the BCPO denied most aspects of plaintiff's request as "vague and overly broad as it fail[ed] to identify the specific records being sought, as well as the specific individuals, whose emails records are being requested." As to item six, the BCPO offered "nine pages of records potentially responsive to th[e] request."

On July 29, plaintiff submitted a clarification letter stating: "As to Items 1, the 'specific individuals' are any employees of the BCPO who exchanged emails with the ADL during the relevant time period" and "[t]he 'subject matter' of the request is . . . all emails between any BCPO employees and ADL employees during the specified time period." The BCPO responded on August 15, stating: "The July 29, 2024, correspondence does not provide any further clarification which was requested regarding the individuals and/or subject matter of the communications being sought. . . . [T]he request must be denied as same continues to remain vague and overly broad."

On August 26, 2024 plaintiff attempted to file a verified complaint in the Superior Court of New Jersey, Bergen County against the BCPO, alleging a violation of the common law right of access to public records. The complaint

6

sought disclosure of the records, a fee waiver due to indigency, and damages including attorney's fees and costs, although plaintiff was self-represented. The court returned the complaint on August 29, issuing a Rule 1:5-6(c) deficiency notice, which cited the absence of a fee waiver application.

On September 3, 2024, plaintiff resubmitted his verified complaint along with supplemental documentation for a fee waiver pursuant to Rule 1:13-2 and Rule 2:7-1. He included a financial certification and a certified inmate trust account statement reflecting a balance of $1,162.97, reported $0 monthly income from all sources, and affirmed he had not received public assistance or social security disability.

That same day, plaintiff attempted to file a separate verified complaint naming former Bergen County Prosecutor John L. Molinelli as defendant, alleging Molinelli "knowingly violated Rules 3:5-4 and 3:5-6(c) of the New Jersey Court Rules by disclosing a search warrant affidavit [on March 5, 2012] to a third party (Etzion Neuer) who was not a member of law enforcement and where the disclosure was not necessary to the execution of the search warrant."

Plaintiff alleged: "The search warrant affidavit disclosed by Molinelli to Neuer contained Plaintiff[']s unredacted social security number, date of birth, and address. The document further contained details of a law enforcement

7

investigation, the names and locations of witnesses, and evidence in the matter." Plaintiff sought judgment "holding Molinelli in contempt of court in accordance with Rule 1:10-2," as well as sanctions and a referral for ethics review. This complaint was also accompanied by a fee waiver application and the same supporting financial documentation submitted in the BCPO complaint.

The court denied fee waivers in both actions, entering orders stating: "Applicant's request to waive filing fees pursuant to Rule 1:13-2(a) is denied as complaint fails to state a cognizable cause of action."

Plaintiff filed timely notices of appeal in both cases and motions before us for leave to proceed as indigent in both cases, which we granted.

## II.

Recusal

We address plaintiff's argument that the trial judge should have recused himself first, as this is a threshold determination. Plaintiff argues the trial judge should have recused himself from both matters, citing our Supreme Court's decision in State v. Dalal, 221 N.J. 601, 603 (2015). In Dalal, the Supreme Court addressed a motion seeking removal of all Bergen County judges from presiding over two criminal indictments against plaintiff. The motion arose after the State accused plaintiff of making threats to kill or harm two Superior Court

judges in the Bergen Vicinage. The Court remanded the case to the assignment judge to decide whether to request the designation of a judge from another vicinage or to transfer the case to a different vicinage, noting potential concerns regarding the judiciary's impartiality in the event one of the judges who were threatened presided over the case.

Generally, we will "decline to consider questions or issues not properly presented to the trial court when an opportunity for such a presentation is available 'unless the questions so raised on appeal go to the jurisdiction of the trial court or concern matters of great public interest.'" Berardo v. City of Jersey City, 476 N.J. Super. 341, 354 (App. Div. 2023) (quoting Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973)). Here, because the complaints were not filed, plaintiff was precluded from moving by motion for recusal and we address the issue substantively.

The Supreme Court's ruling was specific to the two criminal matters before it. It did not contemplate a civil records action brought a decade after defendant's conviction and did not per se recuse all Bergen County judges from hearing any matter, whether criminal or civil, involving plaintiff. Accordingly, we conclude the trial judge did not abuse his discretion by declining to sua sponte recuse himself from deciding the two fee waiver applications. In the

event of any future recusal motion filed by plaintiff, the trial judge should consider the application as required under Rule 1:12-1.

Fee Waiver Application

A trial court's decision regarding the waiver of the payment of filing fees is within its sound discretion. R. 1:13-2(a). The court's decision is afforded "substantial deference and will not be overturned absent an abuse of discretion." DiFiore v. Pezic, 254 N.J. 212, 228 (2023) (quoting State v. Stein, 225 N.J. 582, 593 (2016)). Abuse of discretion occurs "when a decision is made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." Kornbleuth v. Westover, 241 N.J. 289, 302 (2020) (quoting Pitney Bowes Bank, Inc. v. ABC Caging Fulfillment, 440 N.J. Super. 378, 382 (App. Div. 2015)). However, we review a trial court's conclusions of law de novo. See Comprehensive Neurosurgical, P.C. v. Valley Hosp., 257 N.J. 33, 79 (2024).

Plaintiff argues he qualified for a fee waiver as an indigent prisoner, highlighting our granting of "a fee waiver for this appeal based on the exact same fee waiver application." Plaintiff insists his complaint properly pled a cause of action for contempt of court pursuant to Rule 1:10-2(a), pointing to Molinelli's unlawful disclosure of confidential search warrant materials to a

political organization during the pendency of his trial. Plaintiff also asserts his complaint stated a cognizable cause of action against the BCPO by alleging improper denial of access to public records under the common law right of access. Plaintiff maintains the court failed to provide findings of fact and conclusions of law pursuant to Rule 1:7-4(a), explaining each order denying the fee waiver simply stated the complaint did not present a cognizable cause of action without specifying any factual grounds or legal analysis.

Rule 1:13-2(a) provides:

> [W]henever any person by reason of poverty seeks relief from the payment of any fees provided for by law which are payable to any court or clerk of court . . . , any court upon the verified application of such person, which application may be filed without fee, may in its discretion order the payment of such fees waived.

Rule 1:13-2(a) was supplemented by our Supreme Court's April 5, 2017 order, which established a standard fee waiver application process and criteria for reviewing motions seeking a waiver of court fees by reason of indigency. The Court's order authorized the Administrative Office of the Courts to promulgate directives providing uniform fee waiver request forms and a standard protocol. See generally Admin. Off. of the Cts., Admin. Directive #03-17, Fee Waivers Based on Indigence (rev. Apr. 20, 2017).

A-0291-24

The order provides that the minimum threshold for indigency is met for applicants: "(a) whose household income does not exceed 150% of the federal poverty level (with that level based on the number of members of the individual's household) and (b) who have no more than $2,500 in liquid assets, subject to completion of a uniform fee waiver request form." Mims v. City of Gloucester, 479 N.J. Super. 1, 4 (App. Div. 2024) (quoting Admin. Directive #03-17, attach. (order)). The order further specifies, if the "court determines that the indigency motion is frivolous or malicious or constitutes an abuse of process, then it may deny such waiver of court filing and copy fees." Ibid. "Pursuant to the order, the Administrative Director of the Courts promulgated Administrative Directive #03-17 (Directive) including a fee waiver packet to ensure a uniform fee waiver request form for applicants." Ibid. The Directive's packet instructions state a "fee waiver application may not be granted if [the applicant] do[es] not include all required income documentation." (Admin. Directive #03-17, attach at 2).

In denying both of plaintiff's fee waiver applications, the trial judge offered a single sentence: "Applicant's request to waive filing fees pursuant to Rule 1:13-2(a) is denied as complaint fails to state a cognizable cause of action." However, whether plaintiff has presented a cognizable cause of action was not before the court. If the fee waiver application was granted, the complaints would

12

be filed. After service, defendants could make any motions they deem appropriate. The only issue before the court was to determine the validity of each fee waiver application.

Therefore, we reverse the orders and remand to the trial court for a determination regarding plaintiff's indigency. If plaintiff is found to be indigent, the complaint will be filed and proceed in the usual course.

The orders dated September 12, 2024 are vacated and both matters are reversed and remanded to the trial court for consideration of plaintiff's fee waiver application. We do not retain jurisdiction.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Hanley

Clerk of the Appellate Division

13                                    A-0291-24