109 N.J. Super. 309 (1970)
263 A.2d 167
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
WELLS WALTER FLOWERS, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued March 16, 1970.
Decided March 20, 1970.
*310 Before Judges GOLDMANN, LEWIS and MATTHEWS.
Mrs. Rosemary K. Reavey, Assistant Deputy Public Defender, argued the cause for appellant (Mr. Stanley C. Van Ness, Public Defender, attorney).
*311 Mr. George T. Dougherty, Deputy Attorney General, argued the cause for respondent (Mr. George F. Kugler, Jr., Attorney General, attorney).
Mr. Gerard J. DiNicola, Salem County Prosecutor, disqualified himself.
GOLDMANN, S.J.A.D.
Defendant appeals from a denial of post-conviction relief in the Law Division.
Defendant had pleaded guilty to a charge of armed robbery and was sentenced to consecutive State Prison terms totalling 12-16 years. Following an unsuccessful application for reconsideration of sentence, he filed a petition for post-conviction relief, claiming that the sentence was manifestly excessive. The judge who had imposed sentence also conducted the hearing. He refused to disqualify himself and denied the petition.
Defendant contends that (1) the trial judge should not have presided at the hearing on post-conviction relief and (2) the sentence, although within the statutory maximum, was so manifestly excessive as to exceed the limits of discretion.
Our rules are silent as to the selection of the judge who is to hear an application for post-conviction relief. They merely provide that the application be filed in the county where defendant was convicted. See R. 3:22-1 et seq., formerly R.R. 3:10A-1 et seq.
Defendant argues that a sentencing judge is unlikely to reverse himself. The judge below, having imposed sentence and having once denied defendant's informal request to reconsider, should therefore have disqualified himself, presumably because his original judgment would mar his later impartiality.
While there are circumstances in which it would be of questionable propriety for a trial judge to preside at later proceedings, this certainly cannot be stated as a general rule. Whether a judge should disqualify himself must, *312 in the first instance, be left to his sound discretion. We consider this the most practical and realistic approach. See the report of the A.B.A. Advisory Committee on Sentencing and Review, "Standards Relating to Post-Conviction Remedies," § 1.4, at 30-31 (1967); National Conference of Commissioners of Uniform State Laws, "Uniform Post-Conviction Procedure (2d rev. 1966), § 7.
Fundamental to any consideration of possible judicial disqualification is a showing of prejudice or potential bias. The record before us will not support such a contention. There was no trial below and thus no testimony that might influence the judge. The presentence report is not alleged to have been incorrect or misleading, or even to have been misinterpreted.
Defendant also claims that his sentence was manifestly excessive and therefore amounted to an abuse of judicial discretion. We are aware of our power to review and reduce a sentence whenever the interests of justice so require. State v. Laws, 51 N.J. 494, 509-510 (1968). Before an appellate tribunal will overturn a sentence a defendant must make a clear showing of abuse of discretion. Defendant here has not done so. The imposition of consecutive rather than concurrent sentences for armed robbery was, of course, proper. N.J.S.A. 2A:151-5; State v. Jacques, 99 N.J. Super. 230 (App. Div. 1968), aff'd 52 N.J. 481 (1968), cert. den. 395 U.S. 985, 89 S.Ct. 2138, 23 L.Ed.2d 774 (1969).
Affirmed.