STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v
LEE W. LEVERETTE, DEFENDANT-APPELLANT.

Argued March 19, 1974—Decided May 7, 1974.

*Mr. Harlan L. Schlossberg* argued the cause for defendant (*Mr. Avrom J. Gold,* of counsel; *Messrs. Mandelbaum, Mandelbaum & Gold,* attorneys).

*Mr. Elson P. Kendall,* Assistant Prosecutor, argued the cause for plaintiff (*Mr. Vincent A. Vitale,* Assistant Prosecutor, on the brief; *Mr. Karl Asch,* Union County Prosecutor, attorney).

PER CURIAM. Defendant was convicted of possession of lottery paraphernalia (*N. J. S. A.* 2A:121–3 (b)), carrying

on a lottery business (*N. J. S. A.* 2A:121–3(c)), keeping a gambling house (*N. J. S. A.* 2A:112–3), and operating a lottery (*N. J. S. A.* 2A:121–1). He was sentenced to two to three years in State Prison. The Appellate Division, in an unreported opinion, affirmed the judgment of conviction. This Court granted defendant's petition for certification. 64 *N. J.* 321 (1974).

■ Defendant contends that he was denied due process by the refusal of the trial judge to hear and decide a pretrial motion that the judge disqualify himself from sitting in the case. Defendant's counsel, who failed to appear for five successive calendar calls, had filed a motion for disqualification based on remarks about counsel made by the trial judge. The Appellate Division found the remarks to amount to nothing beyond an understandable irritation at counsel's behavior, and we agree. There is nothing to indicate that the court's displeasure with counsel involved defendant in any way, particularly since another attorney actually appeared for defendant at the trial and sentencing. It is clear that the trial judge by continuing to sit in the case through trial and sentencing denied the motion for disqualification.

■ Defendant also argues that the sentence imposed upon him was manifestly excessive since he had no prior criminal record and, as shown by the presentence report, was a good husband, father and family provider.

We are not moved to modify the sentence. The sentencing judge, based on the trial record, characterized defendant as the key figure in a substantial gambling operation. The sentence was bottomed on the foregoing evaluation of defendant's involvement and warrants the sentence imposed.

Affirmed.

*For affirmance* — Chief Justice HUGHES and Justices HALL, MOUNTAIN, SULLIVAN, PASHMAN and CLIFFORD—6.

*For reversal*—None.