196 N.J. Super. 441 (1984)
483 A.2d 232
MICHAEL J. MATTHEWS, PLAINTIFF,
v.
ADELAIDE DEANE, JAMES W. MASLAND III, AND ATLANTIC COUNTY BOARD OF ELECTIONS, DEFENDANTS.
Superior Court of New Jersey, Chancery Division Atlantic County.
April 9, 1984.
*442 Edwin J. Jacobs Jr. for plaintiff (Tort, Jacobs, Gross & Todd, attorneys).
William Cappuccio for defendant Adelaide Deane.
Gerald M. Eisenstat for defendant James W. Masland III (Shapiro, Eisenstat & Gabage P.C., attorneys).
*443 Oscar N. Gaskins co-counsel for defendant James W. Masland III.
Donna Kelly-Boccher, for defendant Atlantic County Board of Elections (Irwin I. Kimmelman, Attorney General of New Jersey, attorney).
GRUCCIO, J.S.C.
This matter is an application by plaintiff seeking recusal of the trial judge regarding any issues which remain to be resolved. The underlying suit is a challenge by plaintiff to the validity of a recall election held in Atlantic City on March 13, 1984 at which time plaintiff was recalled from his position as Mayor of Atlantic City and James Usry was elected to serve the duration of plaintiff's unexpired term of office.
On March 14, 1984 plaintiff made application to this court for a preliminary injunction restraining defendant, Adelaide Deane, City Clerk of the City of Atlantic City, from certifying the results of the March 13 election and further restraining her from swearing in Usry as the new mayor of Atlantic City. At the March 14 hearing this court cited the three requirements for the issuance of a preliminary injunction, to wit, plaintiff must demonstrate to the court's satisfaction:
1.) a likelihood that plaintiff will ultimately prevail on the merits of the case;
2.) a probable danger of irreparable injury in the event that injunction is not granted; and
3.) that the injury to plaintiff in the absence of the injunction outweighs the foreseeable harm to the defendant in the event the injunction is granted.
Thereupon, this court undertook to review a schedule of errors alleged by plaintiff to have occurred in the recall petition certification process. Specifically, plaintiff alleged that a large number of signatures were illegible and that additional subscribers to the petitions printed their names when they should have signed their names. After reviewing a majority of the alleged errors, this court determined that for purposes of granting a preliminary injunction, plaintiff had failed to establish *444 a likelihood of success on the merits. Consequently, plaintiff's motion for a preliminary injunction was denied.
Plaintiff now contends that this court's review of the petitions at the March 14 hearing and its subsequent conclusion that plaintiff did not establish a likelihood of success on the merits require that the court recuse itself from any further participation in this case. Reliance is placed on N.J.S.A. 2A:15-49 and R. 1:12-1.
N.J.S.A. 2A:15-49 provides in pertinent part:
No judge of any court shall sit on the trial of or argument of any matter in controversy in a cause pending in his court, when he:
c. Has given his opinion upon a matter in question in such action; or
d. Is interested in the event of such action.
This section shall not be construed to prevent a judge from sitting on such trial or argument because he has given his opinion in another action in which the same matter in controversy came in question or given his opinion on any question in controversy in the pending action in the course of previous proceedings therein, or because the board of chosen freeholders of a county or municipality in which he is a resident or liable to be taxed are or may be parties to the record or otherwise interested.
In addition to N.J.S.A. 2A:15-49, R. 1:12-1(d) provides in pertinent part:
The judge of any court shall disqualify himself on his own motion and shall not sit in any matter, if he
d. has given his opinion upon a matter in question in the action; or ____ Paragraphs (c), (d) and (e) shall not prevent a judge from sitting because he has given his opinion in another action in which the same matter in controversy came in question or given his opinion on any question in controversy in the pending action in the course of previous proceedings therein....
For the reasons which follow, plaintiff's application for recusal is denied. Initially, a review of the applicable statute and court rule reveal a clear intention on the part of the Legislature and the Supreme Court to allow a judge to continue to participate in a case when any opinion which he has rendered with respect to a matter in controversy was expressed in the course of proceedings regarding that same controversy. In the case at bar, the trial challenging the validity of the recall election is merely a continuation of the initial preliminary injunction application on March 14. Any opinions expressed by *445 this court at the March 14 hearing were opinions made during proceedings regarding the same controversy. Consequently, the opinions expressed were not of the nature which require disqualification of a trial judge. Both New Jersey and federal case law support this conclusion.
The issue of when a judge should disqualify himself from hearing a matter is one which our courts have addressed on many occasions. It is within the sound discretion of the judge, in the first instance, whether he should disqualify himself. State v. Flowers, 109 N.J. Super. 309, 311-312 (App.Div. 1970). In determining whether to disqualify himself, the judge is guided by the following principle:
Absent a showing of bias or prejudice, the participation of a judge in previous proceedings in the case before him is not a ground for disqualification. (citation omitted). And the fact that a judgment resulting from previous proceedings is reversed on appeal is likewise not a sufficient ground for disqualification. [State v. Walker, 33 N.J. 580, 591 (1960).]
In Walker, the Court held that a judge was not required to disqualify himself from a trial at which defendant was convicted notwithstanding the fact he had previously accepted defendant's plea of non vult and denied defendant's application for a writ of habeas corpus. Ibid.
Subsequent New Jersey cases have held that a judge who imposed the initial sentence after a guilty plea was not disqualified from presiding at a hearing for postconviction relief, State v. Flowers, supra, 109 N.J. Super. at 312 and, that a judge who issued a search warrant was not disqualified from hearing a motion to suppress evidence, State v. Smith, 113 N.J. Super. 120 (App.Div. 1971), certif. den. 59 N.J. 293 (1971). The Smith court held that the issuing of the warrant was an ex parte event and merely appraised the prima facie showing of probable cause. Id. at 137-138. Although the March 14 hearing was not ex parte, this court was required to determine whether there was a prima facie showing of the likelihood of success on the merits. This court's decision on March 14 was based on its own review of the petitions. It was made without the benefit *446 of testimony presented by witnesses and it is not etched in stone. Courts can, and often do, reach results at trial which contradict findings which were initially made by the same court at a preliminary injunction hearing. The opinion given at the preliminary injunction hearing was made in the course of prior court proceedings. For this reason, this court holds that based on New Jersey case law, statutory law, and court rules, disqualification is not mandated in the present case.
Plaintiff's sole reliance is on Guardianship of R.G. & F., 155 N.J. Super. 186 (App.Div. 1977) which is viewed in another setting. The court there made a final determination, unlike in the matter before this court. Likewise witness credibility was not judged herein but documentation was reviewed. The legal requirements of a temporary restraining order and preliminary injunction are imposed by law and are necessary to the process. They are, simply put, preliminary determinations subject to change and are so stated when given.
Additional support for the decision reached today is found in federal case law which has interpreted the meaning of a federal statute[1] similar in many respects to N.J.S.A. 2A:15-49 and R. 1:12-1. In United States v. Valenti, 120 F. Supp. 80, 83 (D.N.J. 1954), the United States District Court for the District of New Jersey reiterated the rule that the federal disqualification statute must be strictly construed "in order to safeguard the judiciary from frivolous attacks upon its dignity and integrity, *447 and to avoid interruption of its ordinary and proper functioning." Footnote omitted. The rule outlined in Valenti should apply with equal necessity to N.J.S.A. 2A:15-49 and R. 1:12-1. These provisions should not be used to waste judicial resources and unjustifiably question the objectivity of judges.
The necessity of a judge disqualifying himself under facts similar to the present case was directly addressed in Withrow v. Larkin, 421 U.S. 35, 95 S.Ct. 1456, 43 L.Ed.2d 712 (1975). Therein, the Court held that it has not "been thought that a judge is disqualified from presiding over injunction proceedings because he has initially assessed the facts in issuing or denying a temporary restraining order or a preliminary injunction." Id. at 56, 95 S.Ct. at 1469. The Court went on to state that "it is not contrary to due process to allow judges and administrators who have had their initial decisions reversed on appeal to confront and decide the same questions a second time around." Id. at 57, 95 S.Ct. at 1469.
In the present action, a final decision has not been rendered with respect to the sufficiency of the recall petitions and the validity of the March 13 election. It cannot be emphasized enough that the opinion given by this court was made strictly for purposes of granting or denying the preliminary injunction and is subject to reversal upon plenary hearing. The motion of plaintiff to have this court disqualify itself is hereby denied.
The second ground for recusal is that plaintiff has filed a "complaint" concerning the conduct of the trial. No official documentation is presented although the filing of the complaint has been reported in the local media and is accepted by the court as represented by plaintiff's counsel. The writing of letters of complaint is a permitted procedure that has increased over the last decade particularly in cases in which litigants seek what is sought here, an "appeal." The courts recognize that litigants are fierce in their determination and view an adverse decision as prejudice of the judge. Here, while plaintiff alleged in the printed media that the court favored the recall movement *448 the opposite view was taken by reports in the electronic media. The court must be resolute in its determination to be aware of, but stand above, such criticisms and render justice independent of this criticism. The court's function is to do justice as it sees it without regard to the emotions of litigants in the heat of trial.
NOTES
[1] 28 U.S.C.A. § 144.

Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.