**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1566-16T2

LYDIA FEINSTEIN, n/k/a
LYDIA MAXWELL,

    Plaintiff-Appellant,

v.

MILES FEINSTEIN,

    Defendant-Respondent.

_____

          Submitted March 13, 2018 — Decided June 21, 2018

          Before Judges Fasciale and Moynihan.

          On appeal from Superior Court of New Jersey,
          Chancery Division, Family Part, Bergen County,
          Docket No. FM-02-1292-95.

          Kopelman & Kopelman, LLP, attorneys for
          appellant (Michael S. Kopelman, of counsel and
          on the briefs).

          Grayson & Associates, LLC, attorneys for
          respondent (Bette R. Grayson and Elena K.
          Weitz, on the brief).

PER CURIAM

    Plaintiff Lydia Feinstein appeals from an October 6, 2016

order terminating both defendant Miles Feinstein's obligation to

pay alimony as of February 19, 2016 and a concomitant obligation to maintain life insurance for plaintiff's benefit;[1] a December 2, 2016 order denying plaintiff's motion for reconsideration of the October 6 order; and a December 15, 2016 order denying the parties' motion for counsel fees.[2]

In her appellate brief, plaintiff contends,

> POINT I:  [THE TRIAL JUDGE] IMPROPERLY USED "STATISTICS" TO AMBUSH THE WIFE
>
> POINT II: THE HUSBAND DID NOT PROVE A CHANGE IN CIRCUMSTANCES.
>
> POINT III: THE ALIMONY FACTORS CITED BY [THE TRIAL JUDGE] ARE INADEQUATE TO SUPPORT HIS CONCLUSIONS.
>
> POINT IV: THIS COURT SHOULD AVOID REMAND BY MAKING ANY NECESSARY FINDINGS OF FACT PURSUANT TO THE CONSTITUTIONAL GRANT OF ORIGINAL JURISDICTION AND [RULE] 2:10-5.

In her reply brief, plaintiff contends,[3]

> POINT I: CHILD SUPPORT GUIDELINES, PRESSLER, CURRENT N.J. COURT RULES APPENDIX IX-A TO R. 5:6A, PARAGRAPH 12 (2017) IS INAPPLICABLE ON ITS FACE TO THIS ALIMONY CASE.

---

[1] On May 31, 2017, we ordered defendant to maintain the life insurance policy and not alter the beneficiary designation pending appeal.

[2] Plaintiff did not brief, and thus waived, her challenge to the order denying counsel fees.  See Sklodowsky v. Lushis, 417 N.J. Super. 648, 657 (App. Div. 2011).

[3] The majority of plaintiff's reply points are the same or similar to the arguments raised in her initial brief.

POINT II: THE LAW-OF-THE-CASE DOCTRINE AND JUDICIAL ESTOPPEL PREVENT[] DEFENDANT/RESPONDENT'S ARGUMENT THAT HUSBAND DID NOT HAVE TO PROVE A CHANGE IN CIRCUMSTANCES WHATSOEVER.

POINT III: THE ISSUE OF CREDIBILITY IS A RED HERRING.

POINT IV: THE EVIDENCE OF BIAS OF [THE TRIAL JUDGE] IS UNMISTAKABLE ON THIS RECORD.

POINT V: THE PLENARY HEARING THAT TOOK PLACE IN THIS MATTER WAS TRULY WORTHLESS.

POINT VI: IT WOULD BE UNJUST TO ORDER A REMAND IN THIS CASE.

We disagree and affirm.

"In our review of a Family Part judge's motion order, we defer to factual findings 'supported by adequate, substantial, credible evidence' in the record." Landers v. Landers, 444 N.J. Super. 315, 319 (App. Div. 2016) (quoting Gnall v. Gnall, 222 N.J. 414, 428 (2015)). "Reversal is warranted when we conclude a mistake must have been made because the trial court's factual findings are 'manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice . . . .'" Ibid. (alteration in original) (quoting Rova Farms Resort, Inc. v. Inv'rs Ins. Co. of Am., 65 N.J. 474, 484 (1974)). "However, when reviewing legal conclusions, our obligation is different; '[t]o the extent that the trial court's decision constitutes a legal determination, we review it

3

de novo.'" Ibid. (alteration in original) (quoting D'Agostino v. Maldonado, 216 N.J. 168, 182 (2013)).

Plaintiff first contends defendant's motion to terminate alimony should have been denied without a plenary hearing because defendant did not make a prima facie case of changed circumstances to warrant termination. The motion judge ordered the hearing finding, "a determination will be made regarding defendant's request for an adjustment or termination of the amount of Spousal Support pursuant of the terms of the parties' Property Settlement Agreement." The agreement provided that alimony "shall continue until [defendant] reaches the age of [sixty-five] at which time the alimony issue shall be revisited and there will be a determination whether alimony should continue."

Changed circumstances is one ground upon which an application to terminate alimony may be based, Lepis v. Lepis, 83 N.J. 139, 146 (1980); but parties may also agree, in a divorce settlement, on circumstances that will trigger termination of alimony obligations, see Konzelman v. Konzelman, 158 N.J. 185, 197 (1999). "Parties to a divorce action may enter into voluntary agreements governing the amount, terms, and duration of alimony, and such agreements are subject to judicial supervision and enforcement." Quinn v. Quinn, 225 N.J. 34, 48 (2016).

A-1566-16T2

Inasmuch as the parties' agreement clearly indicates their mutual intent to revisit the alimony obligation when defendant reached the age of sixty-five, the judge need not have found changed circumstances in order to consider defendant's application. The fact that defendant waited approximately ten years to invoke the review provision — during which plaintiff received the full benefit of the agreement — does not abrogate defendant's right of review. See Petrillo v. Bachenberg, 263 N.J. Super. 472, 480 (App. Div. 1993) ("Waiver [of a contract provision] must be evidenced by a clear, unequivocal and decisive act from which an intention to relinquish [a known right] can be based." (emphasis added)), aff'd, 139 N.J. 472 (1995). This case did not involve a change in defendant's circumstances;[4] the motion was not

---

[4] We recognize defendant asserted, as the judge noted in his decision,

> that the plaintiff's need for alimony has substantially decreased because, among other reasons, her needs have diminished in light of the fact that their children are grown, the plaintiff has sold the marital residence for a significant profit, the plaintiff has moved into a less expensive residence, she has or is about to receive considerable inheritances, she is able to be gainfully employed, she obtained a real estate sales license which has enabled her to obtain sales commissions, has developed skills in several areas and has had sizeable gains on her investments.

based on his inability to continue the payments. Hence, the judge correctly ruled defendant need not have submitted a case information statement pursuant to Rule 5:5-4(a); his ruling, contrary to plaintiff's contention, did not show bias.[5]

The judge, after conducting a seven-day plenary hearing during which he heard testimony regarding plaintiff's education and experience, utilized New Jersey Department of Labor (DOL) statistics to impute plaintiff's earnings — a practice plaintiff contends, as she did in her reconsideration motion, was erroneous.

A judge must perpend the statutory factors in determining an alimony award:

> (1) The actual need and ability of the parties
> to pay;

---

This allegation, however, did not involve defendant's changed circumstances or his ability to pay notwithstanding that the judge, as he was obliged, considered defendant's circumstances as they related to the statutory factors applicable to the motion. N.J.S.A. 2A:34-23(b).

[5] Plaintiff's allegation of judicial bias — although tangentially mentioned in her merits brief — was first raised in her reply brief. Although we mention same here, that argument as well as those made in Points II, IV and V, were improperly raised and will not be further considered. See Borough of Berlin v. Remington & Vernick Eng'rs, 337 N.J. Super. 590, 596 (App. Div. 2001) (stating, "[r]aising an issue for the first time in a reply brief is improper"). Our review of the record reveals the motion judge was immensely patient and even-handed, especially considering some of the boorish and seemingly sanctionable behavior he endured. Bias cannot be inferred from adverse rulings against a party. Matthews v. Deane, 196 N.J. Super. 441, 444-47 (Ch. Div. 1984). We perceive none here.

(2) The duration of the marriage or civil union;

(3) The age, physical and emotional health of the parties;

(4) The standard of living established in the marriage or civil union and the likelihood that each party can maintain a reasonably comparable standard of living, with neither party having a greater entitlement to that standard of living than the other;

(5) The earning capacities, educational levels, vocational skills, and employability of the parties;

(6) The length of absence from the job market of the party seeking maintenance;

(7) The parental responsibilities for the children;

(8) The time and expense necessary to acquire sufficient education or training to enable the party seeking maintenance to find appropriate employment, the availability of the training and employment, and the opportunity for future acquisitions of capital assets and income;

(9) The history of the financial or non-financial contributions to the marriage or civil union by each party including contributions to the care and education of the children and interruption of personal careers or educational opportunities;

(10) The equitable distribution of property ordered and any payouts on equitable distribution, directly or indirectly, out of current income, to the extent this consideration is reasonable, just and fair;

(11) The income available to either party through investment of any assets held by that party;

A-1566-16T2

(12) The tax treatment and consequences to both parties of any alimony award, including the designation of all or a portion of the payment as a non-taxable payment;

(13) The nature, amount, and length of pendente lite support paid, if any; and

(14) Any other factors which the court may deem relevant.

[N.J.S.A. 2A:34-23(b).]

In assessing the parties' "earning capacities, educational levels, vocational skills, and employability" under the fifth factor, N.J.S.A. 2A:34-23(b)(5), a trial court "may impute income when a spouse is voluntarily unemployed [or] underemployed," Tannen v. Tannen, 416 N.J. Super. 248, 261 (App. Div. 2010), aff'd o.b., 208 N.J. 409 (2011). "[A] 'court has every right to appraise realistically [a] defendant's potential earning power' and examine 'potential earning capacity' rather than actual income, when imputing the ability to pay support." Elrom v. Elrom, 439 N.J. Super. 424, 435 (App. Div. 2015) (second alteration in original) (first quoting Lynn v. Lynn, 165 N.J. Super. 328, 341 (App. Div. 1979); and then quoting Halliwell v. Halliwell, 326 N.J. Super. 442, 448 (App. Div. 1999)).

The Elrom court authorized reliance on the child support guidelines in determining alimony obligations:

This authority is incorporated in the New Jersey Child Support Guidelines . . . . The Guidelines state:

> [i]f the court finds that either parent is, without just cause, voluntarily underemployed or unemployed, it shall impute income to that parent according to the following priorities:
>
>> a. impute income based on potential employment and earning capacity using the parent's work history, occupational qualifications, educational background, and prevailing job opportunities in the region. <u>The court may impute income based on</u> the parent's former income at that person's usual or former occupation or <u>the average earnings for that occupation as reported by the New Jersey Department of Labor (NJDOL)</u>;
>
> <u>These legal precepts equally apply when establishing a party's obligation to pay alimony.</u>
>
> [<u>Ibid.</u> (alterations in original) (emphasis added) (citations omitted) (quoting Child Support Guidelines, Pressler & Verniero, <u>Current N.J. Court Rules</u>, cmt. 12 on Appendix IX-A to <u>R.</u> 5:6A at 2635 (2015)).]

The judge's use of DOL data to determine plaintiff's earning capacity, combined with his assessment of her background, experience, and education was authorized by the court rules and case law interpreting them.

We determine plaintiff's argument that the motion judge's findings regarding the alimony factors were inadequate is meritless. The judge made extensive findings of fact in his twenty-six-page written opinion, including his negative assessment of plaintiff's credibility — based in large part on cross-examination which the judge found to be "particularly effective" — and applied them to each of the statutory factors. Our close review of the record reveals each of his conclusions were "supported by adequate, substantial, credible evidence" in the record. Cesare v. Cesare, 154 N.J. 394, 412 (1998). We accord even greater deference to a Family Part judge's fact-finding "[b]ecause of the family courts' special jurisdiction and expertise in family matters," id. at 413, and defer to the trial judge's assessment of witnesses' credibility because of the perspective the judge gains from seeing and hearing testimony, id. at 412. Viewed through that lens, the judge's findings of fact and conclusions of law support the entry of his orders.

We determine the balance of plaintiff's arguments to be without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1566-16T2