**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5311-18

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

BYRON SOLOMON, a/k/a
BRYON SOLOMON,

     Defendant-Appellant.

_____

Submitted March 21, 2022 – Decided March 30, 2022

Before Judges Sumners and Firko.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 16-04-1282.

Joseph E. Krakora, Public Defender, attorney for appellant (Abby P. Schwartz, Designated Counsel, on the brief).

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Frank J. Ducoat, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Byron Solomon appeals from a February 26, 2019 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing based upon ineffective assistance of counsel. In essence, defendant alleged his attorney failed to: fully investigate his case; declined to file a motion to dismiss the indictment; declined to file a motion to sever defendant's trial from co-defendant's trial; pressured him into pleading guilty by threatening him with a long prison sentence; refused to represent him at trial even though he is innocent; failed to raise hardship as a mitigating factor; and failed to inform the sentencing court of his accomplishments as a high school athlete.

Judge Ronald D. Wigler entered the order and rendered a twenty-page written decision. On appeal, defendant raises the following sole point for our consideration:

> THE TRIAL JUDGE'S BEHAVIOR DENIED DEFENDANT A FAIR [PCR] HEARING AS THE COURT VIOLATED THE CODE OF JUDICIAL CONDUCT RESULTING IN THE DENIAL OF DEFENDANT'S PETITION. (Not raised below).

We are unpersuaded by defendant's contention and affirm the denial of PCR substantially for the reasons expressed by Judge Wigler. Based upon our careful review of the record, we also conclude the judge was not biased and did not

violate Canons 1 or 2(a) of the Code of Judicial Conduct (Code). We add these remarks.

When a PCR judge does not hold an evidentiary hearing—like here—this court's standard of review is de novo as to both the factual inferences drawn by the PCR judge from the record and the judge's legal conclusions. State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016).

To establish a prima facie claim of ineffective assistance of counsel, a defendant must satisfy the two-pronged test enumerated in Strickland v. Washington, 466 U.S. 668, 687 (1984), which our Supreme Court adopted in State v. Fritz, 105 N.J. 42, 58 (1987). To meet the first Strickland/Fritz prong, a defendant must establish his or her "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S at 687. A defendant must rebut the "strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance." Id. at 689. Thus, this court must consider whether counsel's performance fell below an objective standard of reasonableness. Id. at 687-88.

To satisfy the second Strickland/Fritz prong, a defendant must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial

whose result is reliable." Id. at 687. A defendant must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 689. "[I]f counsel's performance has been so deficient as to create a reasonable probability that these deficiencies materially contributed to defendant's conviction, the constitutional right will have been violated." Fritz, 105 N.J. at 58.

A defendant is only entitled to an evidentiary hearing when he or she "has presented a prima facie [case] in support of [PCR]," meaning a "defendant must demonstrate a reasonable likelihood that his or her claim will ultimately succeed on the merits." State v. Marshall, 148 N.J. 89, 158 (1997) (first alteration in original) (quoting State v Preciose, 129 N.J. 451, 462 (1992)). A defendant "must do more than make bald assertions that he [or she] was denied the effective assistance of counsel" to establish a prima facie claim entitling him or her to an evidentiary hearing. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). A defendant bears the burden of establishing a prima facie claim. State v. Gaitan, 209 N.J. 339, 350 (2012). We "view the facts in the light most favorable to a defendant to determine whether a defendant has established a prima facie claim." Preciose, 129 N.J. at 462-63.

Here, by virtue of a negotiated plea agreement between defense counsel and the State, defendant, then twenty-two years old, pled guilty to first-degree aggravated manslaughter, contrary to N.J.S.A. 2C:11-4(a)(1), and second-degree unlawful possession of a weapon, contrary to N.J.S.A. 2C:39-5(b), in exchange for the State recommending a fourteen-year term of imprisonment at sentencing. The plea allocution was conducted before Judge Wigler on May 9, 2017. The factual basis for defendant's guilty plea established that on September 28, 2015, he, Khiree Smith, and Luis Martinez, Jr., shot and killed Tryon Smith in Newark, then set his body on fire to conceal the evidence and hinder apprehension. The record shows defendant owned a .38 caliber handgun without a permit at the time of the shooting.

Defendant testified at the plea hearing that he had no "difficulty reading, writing or understanding English," was not on probation or parole, denied having any psychological or psychiatric conditions, and was not under the influence of any substance. In addition, defendant testified no one forced, threatened, or coerced him to plead guilty; defendant understood he was under oath and would be penalized for not being truthful; and that he was satisfied with his attorney's services.

On June 27, 2017, Judge Wigler sentenced defendant to a fourteen-year term of imprisonment subject to the No Early Release Act, N.J.S.A. 43:7-2, and five years post-release parole supervision. The judge found aggravating factor nine applied (the need to deter the defendant and others from violating the law), N.J.S.A. 2C:44-1(a)(9), and no mitigating factors applied. Plea counsel asked the judge to consider a thirteen-year sentence based on defendant's "lack of record, high school education, work history, supportive family, and his skills[,] which would make him a productive member of society," which was denied. Defendant apologized to the victim's family for his actions. No direct appeal was filed by defendant relative to his convictions or sentence.

On May 13, 2018, defendant filed a pro se PCR petition claiming ineffective assistance of counsel. The PCR was assigned to Judge Wigler, who appointed PCR counsel to represent defendant. On February 22, 2019, Judge Wigler conducted a PCR hearing. At the hearing, defendant insinuated the State was disingenuous for asserting that he received a "free, fair plea deal" and "there was [not] any evidence connecting him to this crime." During the hearing, the judge acknowledged plea counsel is an effective attorney with an abundance of experience and knowledge in the area of criminal law. The judge concluded plea counsel's representation of defendant was not ineffective. In addition, the

A-5311-18

judge recounted his colloquy with defendant at the plea allocution in response to his assertion that plea counsel coerced him to accept the plea against his will.

Defendant also now claimed to be lying for the past five years under oath relative to the testimony he gave at the plea allocution, and "he was pressured to plead guilty despite what was placed on the record." Defendant "felt he had no choice" because his counsel "didn't care about his best interests." The judge ultimately denied defendant's PCR petition, without an evidentiary hearing, and entered a memorializing order on February 26, 2019.

In a comprehensive eighteen-page opinion accompanying the order, Judge Wigler explained the relevant legal standard to review an ineffective assistance counsel claim as basis for PCR; thoroughly analyzed each of defendant's claims under the Strickland/Fritz prongs; determined the petition was procedurally barred under Rule 3:22-4; and concluded defendant failed to establish a prima facie claim to warrant an evidentiary hearing. The judge highlighted plea counsel warned defendant about the risk of life imprisonment if convicted; made a strategic decision not be file certain motions, which may have led to defendant receiving a less favorable plea offer; defendant would not face any more hardship than any other prisoner; and his sports career would not have factored into the sentencing guidelines.

For the first time on appeal, defendant argues that Judge Wigler demonstrated a "clear bias in favor of defense counsel" during the PCR hearing, tainting the entire proceeding. By acting as "a virtual cheerleader for defense counsel," defendant claims the judge's behavior was unethical and violated Cannons 1 and 2 of the Code. Defendant asserts that based on the judge's "clear bias," "his subsequent opinion cannot be held to be reliable and free of partiality." Defendant requests the order denying PCR should be reversed and the matter be remanded for an evidentiary hearing.

Because defendant did not raise this issue below, "the scope of review on appeal is narrow." State v. Walker, 385 N.J. Super. 388, 410 (App. Div. 2006). We generally "decline to consider questions or issues not properly presented to the trial court when an opportunity for such a presentation is available unless the matter involves the trial court's jurisdiction or is of public importance." Alloway v. Gen. Marine Indus., L.P., 149 N.J. 620, 643 (1997) (internal quotation marks omitted) (quoting Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973)); see also Walker, 385 N.J. Super. at 410 ("An issue not raised below may be considered by the court if it . . . [is] of special significance to the litigant, to the public, or to achieving substantial justice, and the record is sufficiently

complete to permit its adjudication."). Nonetheless, we will address the merits of defendant's argument.

Defendant claims the judge's behavior violated Canons 1 and 2 of the Code. Canon 1 states: "An independent and impartial judiciary is indispensable to justice. A judge therefore shall uphold and should promote the independence, integrity and impartiality of the judiciary." Code of Judicial Conduct Canon 1. Canon 2 states: "A judge shall avoid impropriety and the appearance of impropriety." Code of Judicial Conduct Canon 2. "The overarching objective of the [Code] is to maintain public confidence in the integrity of the judiciary." In re Advisory Letter No. 7-11 of the Sup. Ct. Advisory Comm., 213 N.J. 63, 71 (2013). Such confidence "depends on a belief in the impersonality of judicial decision making." Id. at 75 (quoting United States v. Nobel, 696 F.2d 231, 235 (3d Cir. 1982)).

Because "justice must satisfy the appearance of justice," the court's concern with how facts are perceived by the public equal the concern with actual cases of partiality. Id. at 75-76 (quoting State v. Deutsch, 34 N.J. 190, 206 (1961)); see Code of Judicial Conduct R. 2.1 ("A judge shall act at all times in a manner that promotes public confidence in the independence, integrity and impartiality of the judiciary, and shall avoid impropriety and the appearance of

impropriety."). Therefore, a party claiming judicial bias need not show actual prejudice, "the mere appearance of bias may require disqualification." Panitch v. Panitch, 339 N.J. Super. 63, 67 (App. Div. 2001) (quoting Marshall, 148 N.J. at 279).

"However, before [a judge] may be disqualified on the ground of an appearance of bias, the belief that the proceedings were unfair must be objectively reasonable." State v. Presley, 436 N.J. Super. 440, 448 (App. Div. 2014) (quoting Marshall, 148 N.J. at 279). The standard for determining whether that belief is objectively reasonable asks: "Would a reasonable, fully informed person have doubts about the judge's impartiality?" State v. McCabe, 201 N.J. 34, 44 (2010) (quoting DeNike v. Cupo, 196 N.J. 502, 517 (2008)). This "standard calls for an individualized consideration of the facts in a given case." State v. Dalal, 221 N.J. 601, 606-07 (2015) (noting there is no bright-line rule for determining whether a judge acted partially).

In the matter under review, defendant contends the judge's allegedly improper comments praising plea counsel during the PCR hearing warrants reversal. Defendant asserts the "judge was so presumptuous that he spoke as if he was counsel to defendant and dismissed all of defendant's concerns and complaints of ineffective assistance of counsel."

10

Defendant also points to Judge Wigler's statements that highlighted plea counsel's experience and knowledge as criminal defense attorney in homicide cases as to why counsel did not file certain motions on behalf of defendant, not arguing mitigating factor eleven at sentencing,[1] and recommending defendant accept the plea deal. And, defendant takes issue with the judge acknowledging counsel negotiated a fourteen-year plea deal in lieu of a potential thirty years to life prison sentence for defendant. We are unpersuaded by defendant's arguments.

Excessive or inappropriate comments by a judge, including comments contrary to the Code, "do not, by themselves, necessarily equate to bias." Panitch, 339 N.J. Super. at 68. Opinions a judge forms from the events of the proceeding "do not constitute a basis for a bias or partiality . . . unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Presley, 436 N.J. Super. at 453 n.9 (quoting Liteky v. United States, 510 U.S. 540, 555 (1994)); see, e.g., State v. Leverette, 64 N.J. 569, 571 (1974) (holding trial judge's outward displeasure with defense counsel who failed to appear for five successive calendar calls did not require

---

[1] Imprisonment "would entail excessive hardship to the defendant or" his or her dependents. N.J.S.A. 2C:44-1(b)(11).

disqualification); State v. J.J., 397 N.J. Super. 91, 103 (App. Div. 2007) (holding "although the trial judge's comments were sometimes stern, they do not reveal bias or prejudice").

"To review a [PCR] judge's alleged prejudicial actions, the appellate court should consider the entire record." J.J., 391 N.J. Super. at 102-03. Here, the record shows Judge Wigler described plea counsel as "a very, very experienced criminal defense attorney" and "very knowledgeable." The judge went on to mention plea counsel "fought extremely hard" for defendant to get him a fourteen-year sentence instead of something much higher. The judge elaborated:

> He had to negotiate very, very hard with the [p]rosecutor. The [p]rosecutor was not easily willing to just roll over and say, okay, you can have ultimately [fourteen] years. That was a lot of back and forth between [plea counsel], who probably wisely spent much of his time trying to go over the evidence and get the [p]rosecutor to get the best deal possible for [defendant], instead of perhaps wasting his time filing motions that [defendant] might have liked him to do, but really wouldn't go anywhere. His time was probably better spent working on [defendant's] behalf to try to get [him] the best deal possible.
>
> And that's the kind of attorney [plea counsel] is, having had many cases before this [c]ourt and in this building, he's been around a long time, and he knows what he's doing.

So as far as, that's sort of is where things are at with him not filing those two motions that would have been, in this [c]ourt's estimation, not productive.

Judge Wigler's comments about plea counsel did not reveal a high degree of favoritism to support defendant's bias challenge. See Liteky, 510 U.S. at 555. We are satisfied the judge's remarks do not provide "an 'objectively reasonable' belief that the proceedings were unfair." DeNike, 196 N.J. at 517 (quoting Marshall, 148 N.J. at 279).

Moreover, defendant merely makes bald assertions on appeal that the judge improperly ruled against him, citing select excerpts of the transcript commending plea counsel's strategy. No certifications or affidavits attesting to the judge's purported bias were submitted with defendant's PCR petition. Defendant's unsupported argument essentially asks this court to construe his "adverse decision as prejudice of the judge." Marshall, 148 N.J. at 279 (quoting Matthews v. Deane, 196 N.J. Super. 441, 447 (Ch. Div. 1984)). However, "[i]t is well-settled . . . that '[b]ias cannot be inferred from adverse rulings against a party.'" State v. Harris, 466 N.J. Super. 502, 555 (App. Div. 2021) (third alteration in original) (quoting Strahan v. Strahan, 402 N.J. Super. 298, 318 (App. Div. 2008)).

Without evidence in the record evidencing partiality and impropriety, we have no basis to conclude Judge Wigler was biased towards defendant in favor of plea counsel. Having presided over the case—from the plea allocution, to sentencing, to PCR—the judge could opine regarding plea counsel's decisions because his comments did not "display a deep-seated favoritism" for counsel. Presley, 436 N.J. Super. at 453 n.9 (quoting Liteky, 510 U.S. at 555). We perceive no error in the denial of defendant's PCR petition or bias by Judge Wigler.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5311-18