**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0274-21

CAPITAL ONE BANK (USA),
N.A.,

    Plaintiff-Respondent,

v.

CHRISTOPHER A. ROGALSKI,

    Defendant-Appellant.

_____

> Argued October 6, 2022 – Decided October 19, 2022
>
> Before Judges Firko and Natali.
>
> On appeal from the Superior Court of New Jersey, Law Division, Cape May County, Docket No. DC-000819-21.
>
> Christopher A. Rogalski, appellant, argued the cause pro se.
>
> Kellie T. Hannum argued the cause for respondent (Hayt, Hayt & Landau, LLC, attorneys; Kellie T. Hannum, on the brief).

PER CURIAM

In this collection matter involving non-payment of a credit card debt, defendant Christopher Rogalski appeals from the September 16, 2021 Special Civil Part order granting plaintiff Capital One Bank (USA), N.A.'s motion for summary judgment. Defendant also challenges the October 7, 2021 order denying his motion for recusal of the judge. The judge improperly denied defendant's requests for oral argument on plaintiff's motion for summary judgment, and in granting summary judgment, rendered no findings of fact or conclusions of law. We therefore reverse, remand, and permit the parties to engage in summary judgment motion practice anew. However, we affirm the October 7, 2021 order denying recusal of the judge.

I.

Plaintiff filed a complaint seeking damages of $9,721.77 due on defendant's account plus interest, counsel fees, and costs. Defendant filed an answer asserting that in 2019, he was living and working in the Kingdom of Saudi Arabia and plaintiff blocked his ability to make online payments without prior notice. In addition, defendant averred plaintiff engaged in deceptive

A-0274-21

practices in violation of the Dodd-Frank Consumer Protection Act,[1] damaged his credit rating, and began charging usurious rates under New Jersey law.[2]

Plaintiff moved for summary judgment. Defendant opposed the motion and requested oral argument, which was denied. The judge granted plaintiff's motion on the papers and did not render any findings of fact or conclusions of law. Further, the judge did not articulate any reason for denying defendant's request for oral argument.

Defendant then filed a motion for stay of the judgment and for recusal of the motion judge. In support of his recusal motion, defendant argued the judge was biased against him and favored plaintiff. The motion was denied.

On appeal, defendant raises the following arguments for our consideration:

> A. THE TRIAL COURT ERRED BY NOT REQUIRING THAT [PLAINTIFF], THE MOVING PARTY, FILE A "STATEMENT OF UNDISPUTED FACTS" REQUIRED BY RULE 4:46-2, OR ANYTHING APPROXIMATING ONE TO GIVE [DEFENDANT] NOTICE WHAT FACTS WERE CLAIMED TO HAVE BEEN NOT DISPUTED, FOR PURPOSES OF FUNDAMENTAL FAIRNESS, AND DUE PROCESS OF LAW.

---

[1] 12 U.S.C. § 5536(a)(1)(B); 15 U.S.C. § 1666i-1(c)(1).

[2] N.J.S.A. 31:1-1 to -4; N.J.S.A. 2C:21-19.

A-0274-21

B.    THE TRIAL COURT ERRED BY REFUSING [DEFENDANT'S]    REQUEST    FOR    ORAL ARGUMENT.

C.  THE TRIAL COURT ERRED BY FAILING TO FILE A STATEMENT OF REASONS FOR ITS DECISION.

D.  THE TRIAL COURT ERRED BY FAILING TO RECUSE HIMSELF DUE TO OBVIOUS PERSONAL BIAS.

Since we are reversing and remanding for the parties to engage in summary judgment practice anew, we need not reach the substantive arguments raised by the parties.

II.

The judge was required to conduct oral argument on the dispositive motions or explain his reasons for not doing so.  He did neither.  And, the judge should have made findings of fact and conclusions of law on the merits of the summary judgment motions.

Rule 1:6-2(d) governs oral argument on motions in civil cases and provides in relevant part:

> [N]o motion shall be listed for oral argument unless a party requests oral argument in the moving papers or in timely-filed answering or reply papers, or unless the court directs.  A party requesting oral argument may, however, condition the request on the motion being contested.  If the motion involves pretrial discovery or

4

is directly addressed to the calendar, the request shall be considered only if accompanied by a statement of reasons and shall be deemed denied unless the court otherwise advises counsel prior to the return day. As to all other motions, the request shall be granted as of right.

"The denial of oral argument when a motion has properly presented [as here] a substantive issue to the court for decision 'deprives litigants of an opportunity to present their case fully to a court.'" Palombi v. Palombi, 414 N.J. Super. 274, 285 (App. Div. 2010) (quoting Mackowski v. Mackowski, 317 N.J. Super. 8, 15 (App. Div. 1998), superseded by statute on other grounds, R. 5:8-6, as recognized in D.A. v. R.C., 438 N.J. Super. 431, 457 (App. Div. 2014)).

A request for oral argument respecting a substantive motion may be denied. Raspantini v. Arocho, 364 N.J. Super. 528, 531-32 (App. Div. 2003). However, in accordance with Rule 1:6-2(d), "[w]here . . . the trial [judge] decides the motion on the papers despite a request for oral argument, the trial [judge] should set forth in its opinion its reasons for disposing of the motion for summary judgment on the papers in its opinion." LVNV Funding, L.L.C. v. Colvell, 421 N.J. Super. 1, 5 (App. Div. 2011); see Great Atl. & Pac. Tea Co., Inc. v. Checchio, 335 N.J. Super. 495, 497-98 (App. Div. 2000) (reversing summary judgment where the trial court did not conduct oral argument, which was requested by the moving party, because the court did not find any basis for

relaxing the rule and the judge provided no basis for denial in the record). Where a request for oral argument on a substantive motion is properly made, denial of argument—absent articulation of specific reasons on the record—constitutes reversible error. Raspantini, 364 N.J. Super. at 533.

A judge is required to make findings of fact and reach conclusions of law. Rule 1:7-4(a) provides that "[t]he court shall, by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law thereon . . . on every motion decided by a written order that is appealable as of right." The inclusion is particularly important "in the case of motions for summary judgment, as to which [Rule] 4:46-2(c) specifically directs the court to make findings and conclusions in accordance with [Rule] 1:7-4[(a)]." Raspantini, 364 N.J. Super. at 533.

The failure to include a statement of reasons for granting the original motion—especially in the absence of oral argument—impedes our ability to consider the parties' arguments, even when we apply a de novo standard of review. See Est. of Doerfler v. Fed. Ins. Co., 454 N.J. Super. 298, 301-02 (App. Div. 2018) (noting that "[a]lthough our standard of review from the grant of a motion for summary judgment is de novo . . . our function as an appellate court is to review the decision of the trial court, not to decide the motion tabula rasa").

6

As a result of these deficiencies, we have no basis on which to conduct any meaningful review either of the judge's denial of oral argument or his decision to grant summary judgment, warranting reversal.

We reject defendant's argument that plaintiff was required to file a statement of undisputed facts in support of its motion for summary judgment in accordance with Rule 4:46-2(a). In the rules governing civil practice in the Special Civil Part, Rule 6:6-1 states "that the requirements of a statement of material facts and a responding statement contained in [Rule] 4:46-2(a) and (b) shall not apply." Therefore, defendant's argument on this issue lacks merit.

III.

We next address defendant's argument that the judge erred by denying the motion for his recusal. Generally, recusal motions are "entrusted to the sound discretion of the judge and are subject to review for abuse of discretion." State v. McCabe, 201 N.J. 34, 45 (2010). We review de novo whether the judge applied the proper legal standard. Ibid. Judges must act in a way "that promotes public confidence in the independence, integrity and impartiality of the judiciary, and shall avoid impropriety and the appearance of impropriety." Code of Jud. Conduct r. 2.1; see also In re Reddin, 221 N.J. 221, 227 (2015).

To determine if an appearance of impropriety exists, we ask "[w]ould a reasonable, fully informed person have doubts about the judge's impartiality?" DeNike v. Cupo, 196 N.J. 502, 517 (2008); see also Code of Jud. Conduct r. 2.1 cmt. 3. Judges must recuse themselves from "proceedings in which their impartiality or the appearance of their impartiality might reasonably be questioned," Code of Jud. Conduct r. 3.17(B), or if "there is any other reason which might preclude a fair and unbiased hearing and judgment, or which might reasonably lead counsel or the parties to believe so," R. 1:12-1(g).

Withdrawing from a case "upon a mere suggestion" of disqualification is improper. Panitch v. Panitch, 339 N.J. Super. 63, 66-67 (App. Div. 2001). A judge should not step aside from a case "unless the alleged cause of recusal is known by [them] to exist or is shown to be true in fact." Hundred E. Credit Corp. v. Eric Schuster Corp., 212 N.J. Super. 350, 358 (App. Div. 1986); see also Laird v. Tatum, 409 U.S. 824, 837 (1972) (holding a judge's "duty to sit where not disqualified . . . is equally as strong as the duty to not sit where disqualified" (emphases added)); State v. Marshall, 148 N.J. 89, 276 (1997) ("[J]udges are not free to err on the side of caution; it is improper for a court to recuse itself unless the factual bases for its disqualification are shown by the movant to be true or are already known by the court.").

To hold otherwise would create an incentive for disgruntled litigants to claim bias in order to remove a judge from a case who has ruled against them. That a judge rendered decisions in a case that did not favor the party seeking recusal—even a decision we reversed on appeal—is insufficient grounds for recusal. Marshall, 148 N.J. at 276; Hundred E. Credit Corp., 212 N.J. Super. at 358. A judge is not prevented from sitting by giving an "opinion on any question in controversy in the pending action in the course of previous proceedings therein." N.J.S.A. 2A:15-49; see also R. 1:12-1.

Rule 1:12-2 states that a party may file a motion seeking a judge's disqualification. This can also be done upon the court's own motion when there is any "reason which might preclude a fair and unbiased hearing and judgment, or which might reasonably lead counsel or the parties to believe so." R. 1:12-1(g). A judge's participation in prior proceedings in a case is not, on its own, sufficient grounds for disqualification. Matthews v. Deane, 196 N.J. Super. 441, 445 (Ch. Div. 1984) (citing State v. Walker, 33 N.J. 580, 591 (1960)).

It is crucial for the moving party to demonstrate "prejudice or potential bias" in order to succeed on a motion for judicial qualification. State v. Flowers, 109 N.J. Super. 309, 312 (App. Div. 1970). The mere suggestion of bias is insufficient to support a Rule 1:12-2 motion—the cause of disqualification must

A-0274-21

be known to be true to the judge or demonstrated to be true in fact. <u>Hundred E. Credit Corp.</u>, 212 N.J. Super. at 358.

In support of his claim that the motion judge exhibited bias against him, defendant makes three arguments: (1) the judge did not require plaintiff to file a statement of undisputed facts under <u>Rule</u> 4:46-2; (2) the judge did not grant his request for oral argument; and (3) the judge failed to file a statement of reasons for his decision.

We see no abuse of discretion or misapplication of the law as to the first argument. As we stated, no statement of undisputed facts was required here because <u>Rule</u> 6:6-1 controls in the Special Civil Part, not <u>Rule</u> 4:46-2(a) as defendant contends. And, since we are reversing and remanding on the issue of summary judgment, there is no basis to justify recusal. Moreover, the record is devoid of any indication the decision to grant summary judgment was the product of bias or unfair treatment. Nothing in the record demonstrates there was actual prejudice or an appearance of prejudice on the part of the judge. Defendant's disagreements with the judge's decision are not a sufficient basis for recusal under <u>Rule</u> 1:12-2. Therefore, we affirm the denial of the recusal motion.

Reversed and remanded. Because the parties may engage in summary judgment motion practice anew, and since any future appeal will be from a different record, we do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0274-21