**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0196-22

J.M.,[1]

    Plaintiff-Appellant,

v.

A.M.,

    Defendant-Respondent.

_____

Submitted December 12, 2023 – Decided March 19, 2024

Before Judges Sumners and Smith.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Morris County, Docket No. FM-14-1364-15.

Harriet Kellman Gordon, attorney for appellant.

Heymann & Fletcher, attorneys for respondent (Alix Claps, on the brief).

PER CURIAM

---

[1] We use initials to refer to the parties and the minor child to protect their privacy and preserve the confidentiality of these proceedings. R. 1:38-3(d)(13).

In this post-judgment matrimonial dispute, plaintiff J.M. appeals from the trial court's denial of reconsideration of its June 29, 2022 order compelling that plaintiff's parenting time be supervised at plaintiff's sole expense, and denying plaintiff's request to appoint counsel for the parties' minor child C.M.[2] Plaintiff argues the court committed error by not holding a plenary hearing. She argues for the first time on appeal that the court erred by failing to recuse itself. We affirm, essentially for the reasons set forth in the trial court's cogent statement of reasons. We summarize the facts and add the following additional comments.

I.

After eight years of marriage, the parties divorced in March 2016. The divorce was memorialized in an amended final judgment of divorce, which incorporated a marital settlement agreement. The parties have two minor children together, C.M. and E.M. Since 2016, the record shows plaintiff has been in a relationship with her fiancé, J.S.

Since the divorce, the parties have repeatedly litigated the children's custody. On April 23, 2021, the trial court heard defendant's emergent application seeking temporary suspension of plaintiff's parenting time and

---

[2] We identify the parties and child in this matter by initials and pseudonyms to protect the confidentiality of court records relating to child custody. R. 1:38-3(d)(13).

barring J.S.'s contact with the minor children. Defendant sought relief after an incident where J.S. allegedly put C.M. in a chokehold and lifted her off the ground. The trial court granted the application, making findings of fact.

The court issued three orders modifying the April 23 order, on April 29, June 9, and August 13, 2021. The orders relaxed the restrictions on plaintiff's parenting time, but they each maintained the prohibition against J.S.'s contact with the children. The orders contained other mandates for the parties including: compliance with DCPP strictures; therapy for the parties as well as their children and partners; use of a co-parenting coordinator; and conditioning further contact between J.S. and the children on a therapist's recommendation.

The children enrolled in therapy with a licensed counseling agency in early May 2021, but stopped attending once plaintiff filed a complaint against the agency. On November 5, 2021, the trial court appointed Joseph P. Cadacina Esq. as guardian ad litem (GAL) for both children. The court further ordered that the parties equally share the GAL costs. In the same order, the court directed the parties to retain a new co-parenting therapist.

On May 9, 2022, defendant again sought emergent relief, seeking sole legal and residential custody of the minor children and suspension of plaintiff's

A-0196-22

parenting time. The court denied the application, finding the children were not under immediate threat of irreparable harm.

A week later, defendant moved to hold plaintiff in violation of litigant's rights for failing to comply with prior orders by permitting contact between the children and Striharsky. Defendant sought the same relief as in his May 9 motion, alleging the following violations: plaintiff permitted C.M. to communicate with J.S. via text; J.S. was present when plaintiff exercised her parenting time; plaintiff left the children unsupervised in J.S.'s care; and plaintiff instructed the children to lie about their contact with J.S.

Plaintiff opposed the motion, alleging that C.M. fabricated the choking incident. Plaintiff conceded that C.M. used her phone to text J.S., however she claimed that she did not encourage the communication. She denied living with J.S. and explained that J.S.'s direct contact with the children was due to her needing assistance for car trouble on multiple occasions. She also alleged that defendant violated prior court orders by purposefully delaying the children's therapy and "biasing their understanding of the parties' situation prior to therapy sessions."

On June 29, 2022, the court found plaintiff violated the April 23, 2021, April 29, 2021, June 9, 2021, and August 13, 2021 "unambiguous" orders

4

prohibiting contact between the children and J.S. It rested its findings on plaintiff "conced[ing] . . . the alleged violations . . . occurred," and also found plaintiff's "cursory explanations" for the violations were unjustified. The court ordered continued restraints—prohibiting contact between the children and J.S. "until the minor children are re-enrolled in therapy and their therapist recommends potential reunification." The court also noted any additional non-compliance would result in sanctions.

On the issue of custody and parenting time, the court found it would not be in the best interest of the children to transfer sole legal and physical custody to defendant, but that "maintaining the current parenting time arrangement [would] also be inimical to the minor children's best interests." It partially granted defendant's request to require supervised parenting time and ordered the supervisors to serve at plaintiff's sole expense. Additionally, the court restrained both parties "from communicating with the minor children regarding the . . . litigation," from "making disparaging comments to the . . . children regarding the other party . . . [and] from directing the . . . children to misrepresent or lie regarding any interactions with [J.S.]"

A-0196-22

On August 26, 2022, the court denied plaintiff's motion for reconsideration, requesting the court review its order of supervised parenting time. This appeal followed.

## II.

The decision of whether to deny a motion for reconsideration under Rule 4:49-2 is left to the trial judge's discretion. Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021). We will not disturb denial of a motion for reconsideration absent a clear abuse of discretion. Pitney Bowes Bank, Inc. v. ABC Caging Fulfillment, 440 N.J. Super. 378, 382 (App. Div. 2015). An abuse of discretion arises "when a decision is 'made without rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002) (citation omitted). We will not overturn a determination of the trial court "unless the court abused its discretion, failed to consider controlling legal principles or made findings inconsistent with or unsupported by competent evidence." Storey v. Storey, 373 N.J. Super. 464, 479 (App. Div. 2004) (citations omitted).

Our review of family court decisions is limited. Hand v. Hand, 391 N.J. Super. 102, 111 (App. Div. 2007). We accord deference to the family courts due to their "special jurisdiction and expertise" in the area of family law. Cesare

v. Cesare, 154 N.J. 394, 413 (1998).  The court's findings are binding as long as they are "supported by adequate, substantial, credible evidence."  Id. at 411-12 (citing Rova Farms Resort, Inc. v. Inv'rs Ins. Co., 65 N.J. 474, 484 (1974)).

Pursuant to the plain error rule, where an error has not been brought to the trial court's attention, the appellate court will not reverse on the ground of such error unless the error is "clearly capable of producing an unjust result."  R. 2:10-2; see State v. Montalvo, 229 N.J. 300, 320 (2017).

We review a trial court's decision not to hold a plenary hearing by an abuse of discretion standard.  See Costa v. Costa, 440 N.J. Super. 1, 4 (App. Div. 2015).  It is well established "a plenary hearing is only required if there is a genuine, material and legitimate factual dispute."  Segal v. Lynch, 211 N.J. 230, 264-65 (2012).  The burden is on the movant to make a "prima facie showing that a plenary hearing is necessary."  Hand, 391 N.J. Super. at 106.

III.

Plaintiff argues the trial court should have conducted a plenary hearing. We disagree.  The record shows the parties' dispute was not over a change in custody, but rather a modification of plaintiff's parenting time conditions.  Even if we were to accept that the order reflected a change in custody, and we do not, a plenary hearing would not be required as plaintiff failed to make a prima facie

7

case showing that it was necessary. The trial court correctly noted that differing versions of the choking incident were irrelevant to its findings. The incident was the subject of the April 23, 2021 order, where the court initially prohibited contact with J.S. The continued prohibitions in the April 29, 2021, June 9, 2021, and August 13, 2021 orders reflect the court's finding that further contact between the children and J.S. warranted close monitoring.

Plaintiff conceded she violated those orders by permitting such contact. This alone is a sufficient basis for the court's order of third-party supervised parenting time, and the court properly exercised its discretion to bar further contact until recommended by a new therapist. We defer to the court's exercise of discretion to proceed without a plenary. See Jacoby v. Jacoby, 427 N.J. Super. 109, 123 (App. Div. 2012).

Plaintiff argues for the first time before us that the court should have recused itself in accordance with Rule 1:12-1, because of "the systematic denial of plaintiff's rights." "Whether a judge should disqualify himself must, in the first instance, be left to his sound discretion." State v. Flowers, 109 N.J. Super. 309, 311-12 (App. Div. 1970). "Fundamental to any consideration of possible judicial disqualification is a showing of prejudice or potential bias." Id. at 312. In addition, a party may motion for a judge's recusal under Rule 1:12-2.

A-0196-22

We note that we do not "consider questions or issues not properly presented to the trial court when an opportunity for such a presentation [was] available unless the questions so raised on appeal go to the jurisdiction of the trial court or concern matters of great public interest." Selective Ins. Co. of Am. v. Rothman, 208 N.J. 580, 586 (2012). For completeness, we briefly address the question. Our standard of review is whether the judge abused his discretion in not recusing himself. Cf. P.M. v. N.P., 441 N.J. Super. 127, 140 (App. Div. 2015) (where a motion for disqualification was made "[w]e review de novo whether the proper legal standard was applied." (quoting State v. McCabe, 201 N.J. 34, 45 (2010) (alteration in original))). We note the plaintiff did not raise recusal below to allow the trial court a chance to address the question. Had plaintiff done so, we discern no evidence of prejudice or bias in the record which would warrant recusal.

In sum, the denial of reconsideration was proper. We find no abuse of reasoned discretion by the court, which made factual findings supported by adequate, substantial, and credible evidence in the record, and properly applied the law. To the extent that we have not addressed any of plaintiff's remaining arguments, we find they are so lacking in merit as to not warrant further discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

10