**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3858-23

S.S. and A.S.,[1]

    Plaintiffs-Respondents,

v.

C.J.S.,

    Defendant-Appellant.

_____

Submitted December 18, 2025 – Decided March 31, 2026

Before Judges Bishop-Thompson and Puglisi.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Essex County, Docket No. FM-07-0111-23.

Offit Kurman, PA, attorneys for appellant (Elena K. Weitz, on the brief).

Respondents have not filed a brief.

PER CURIAM

---

[1] We use initials pursuant to Rule 1:38-3(d)(9) and (10).

In this post-judgment matrimonial matter, defendant C.J.S. seeks reversal of five Law Division orders:  the June 12, 2024 order denying recusal; the June 17, 2024 order denying a change of venue; the July 1, 2024 orders denying reconsideration of these orders; and the July 12, 2024 denying an Order to Show Cause (OSC).  We affirm.

I.

Plaintiff S.S. and defendant were divorced in 2019.  Since their divorce, the parties have engaged in extensive post-judgment motion practice concerning custody of their two minor children.  See S.S. v. C.J.S., No. A-2455-21 (App. Div. Oct. 9, 2024).  The present matter originated in Bergen County on July 6, 2022, when defendant filed an OSC alleging incidents of abuse and harm perpetrated against the parties' children by plaintiff and her then-boyfriend, A.S. These allegations were raised in the context of a separate, related case.  C.J.S. v. A.S., No. A-1094-24 (App. Div. Nov. 18, 2025) (slip op. at 2).

Following the transfer of the matter to Essex County, between August 2022 and January 2024, self-represented defendant requested accommodations under the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101 - 12213, and the New Jersey Law Against Discrimination (LAD), N.J.S.A. 10:5-1 to -50, for all proceedings scheduled with the presiding judge of the Family Part.

A-3858-23

Initially, in August 2022, defendant submitted a letter from his psychiatrist to the Essex Vicinage assistant trial court administrator for court appearances. The psychiatrist, who had treated defendant since 2012, diagnosed him with attention-deficit/hyperactivity disorder (ADHD). According to the psychiatrist, defendant's symptoms were "typically mild to moderate," but could be "exacerbated" by "emotionally charged issues," "stressful environments," or during "any in-person interaction" with A.S. Based on these findings, the psychiatrist recommended defendant be permitted to appear remotely for any court proceedings involving A.S.

Defendant renewed his accommodation request, submitting two letters from his psychiatrist seeking an accommodation for court appearances concerning his omnibus motion scheduled for March 10, 2023. The March 9, 2023 letter restated defendant's ADHD diagnosis, symptoms, and "reality-based" reasons to avoid in-person interactions with A.S. The psychiatrist, supported by defendant's cardiologist, opined remote court appearances "would universally benefit defendant's physical and emotional well-being," and allow him to take prescribed medication by eliminating the need to drive. The matter was adjourned to March 28, 2023. The March 27 letter stated "any interaction" with A.S. would harm defendant's mental and physical health and cause

3

additional trauma if he were forced to appear in person. A virtual conference was conducted on March 28 and the court adjourned the matter to April 14, 2023.

On April 14, defendant was provided access to a secure technology room at the courthouse for his court appearance via Zoom. After the virtual appearance, the psychiatrist wrote defendant found the court session "high[ly] distressing and traumatizing," experiencing "panic" and "claustrophobi[a]" in the technology room. He again recommended remote court appearances, this time from the "safety of [defendant's] home." The motions and conferences were repeatedly adjourned. Nonetheless, the court ultimately granted defendant's request for a virtual appearance and the case management conference and motions were scheduled for June 20, 2023, which was subsequently adjourned to June 27, 2023.

Defendant appeared remotely via Zoom on July 13, 2023, and reported experiencing a hypertensive crisis. In the July 13, 2023 order, the judge denied defendant's application to stay all proceedings pending appellate review and stay entry of the order, among other directives.

After the conference, in an August 2023 letter, the psychiatrist determined it was "absolutely medically necessary" for defendant to be excused, and the

court adjourned the proceeding to October 15, 2023. In a September 2023 letter, the psychiatrist requested an additional six-week adjournment to avoid "dire risk of stress-induced cardiovascular events."

In early October, the matter was reassigned to a different judge because the presiding judge was reassigned as the assignment judge to a different vicinage. The second judge granted defendant's request and adjourned proceedings to November 26, 2023, but ordered the parties to attend the case management conference in person. Defendant then appeared virtually for the case management conference on November 27. This appearance was unsuccessful due to the court's difficulty in hearing the litigants, who repeatedly spoke over each other despite multiple reminders to follow directions intended to ensure an accurate court record.

In early December 2023, defendant requested to appear remotely for a hearing scheduled for January 16, 2024. On December 22, the Title II ADA coordinator emailed defendant and notified him that she recommended allowing the virtual appearance. However, defendant's accommodation request was denied in a January 11, 2024 letter from the coordinator. Defendant was directed to appear in person for the OSC hearing on January 16, 2024.

A-3858-23

On January 12, 2024, defendant's counsel pursued an administrative appeal with the assignment judge regarding the denial. That day, the judge denied the appeal "due to the multiple adjournments and unsuccessful hybrid appearances."

On January 16, defendant did not appear for the hearing. Instead, his counsel attempted a limited appearance for oral argument, but the trial judge did not permit it because defendant's presence was required and his request to be excused had been denied.

Defendant's psychiatrist wrote another letter stating, for the first time, defendant had post-traumatic stress disorder, which amplified his ADHD symptoms "when in environments that trigger his experience of trauma." The psychiatrist recommended a permanent remote appearance accommodation from defendant's home because he needed to be "insulated" from A.S.

On February 26, 2025, defendant again appealed to the assignment judge and requested a permanent accommodation and a transfer of venue, grounded on "a long history of targeted improper conduct" toward him by two Family Part judges. The judge again denied defendant's appeal on March 8, 2024, stating permanent accommodations are not granted. Citing Tennessee v. Lane, the judge recognized defendant's right "to 'full participation in judicial

A-3858-23

proceedings,'" but emphasized "reasonable accommodations" must "not fundamentally alter the nature of the process or impose an undue hardship upon the Judiciary." 541 U.S. 509, 523 (2004). The judge determined virtual appearances did not satisfy this standard for courtroom proceedings, citing repeated disruptions and inefficiencies that occurred during prior remote sessions. The court concluded permitting further remote appearances would hinder its ability to operate efficiently and effectively.

In early June 2024, defendant, again self-represented, moved for recusal of the assignment judge pursuant to Rule 1:12-2 and change of venue pursuant to Rule 4:3-3(a)(2), or alternatively, the denials be entered as final orders and the proceedings be stayed pending appellate review. He contended the assignment judge had a "personal bias and inherent conflict of interest" and pre-judged his motions.

On June 12, 2024, the assignment judge denied defendant's unopposed motion for recusal based on his submissions. In the written statement of reasons, the judge applied Canon 3(c)(1) of the Code of Judicial Conduct, finding there was no appearance of partiality in hearing defendant's motion, nor "any personal bias or prejudice concerning either party."

On June 17, 2024, the judge also denied defendant's unopposed motion for change of venue. In the written statement of reasons, the judge summarized defendant's arguments, highlighted the judge's ongoing impartiality and provision of reasonable ADA accommodations, and referenced previous unsuccessful recusal motions. The judge found no evidence of improper conduct or good cause under Rule 4:3-3(a)(2), stating a third venue change would only shift defendant's claims of bias elsewhere.

On July 1, 2024, the assignment judge denied defendant's unopposed motions for reconsideration of the orders denying recusal and for a change of venue, referring to the reasons stated in the initial orders. Nearly two weeks later, on July 12, 2024, the assignment judge denied defendant's OSC and the motion to stay the orders regarding the June 4 and 19, 2024 motions to seek appellate review. The June 12, 17, and July 1, 2024 orders were entered as final orders.

## II.

The trial court's order to grant or deny a motion for recusal is reviewed for abuse of discretion. State v. McCabe, 201 N.J. 34, 45 (2010). "An abuse of discretion 'arises when a decision is made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible

basis.'" Pitney Bowes Bank, Inc. v. ABC Caging Fulfillment, 440 N.J. Super. 378, 382 (App. Div. 2015) (quoting Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002) (internal quotation marks omitted)). "However, we review de novo whether the judge applied the proper legal standard." Goldfarb v. Solimine, 460 N.J. Super. 22, 30 (App. Div. 2019) (citing McCabe, 201 N.J. at 45).

Pursuant to Rule 1:12-2, a party may move for a judge's recusal or disqualification. Recusal is appropriate where "a reasonable, fully informed person [would] have doubts about the judge's impartiality[.]" State v. Dalal, 221 N.J. 601, 606 (2015) (quoting DeNike v. Cupo, 196 N.J. 502, 517 (2008)). Simply put, the question is "whether a reasonable person would doubt the judge's impartiality, given the judge's prior" actions. Amato v. Twp. of Ocean Sch. Dist., 480 N.J. Super. 239, 248 (App. Div. 2024). The decision on such motions is "entrusted to the sound discretion of the judge." Id. at 245 (quoting Goldfarb, 460 N.J. at 30).

The motion record is devoid of any evidence of actual or potential bias toward defendant. Goldfarb, 460 N.J. Super. at 31(quoting State v. Marshall, 148 N.J. 89, 276 (1997)). The assignment judge's comment—"[a] third change of venue will not change anything except the recipients of the charges of bias

9

and prejudice"—did not "display a deep-seated favoritism or antagonism." Liteky v. U.S., 510 U.S. 540, 555 (1994). Defendant's dissatisfaction with the judge's ruling, by itself, does not constitute a valid basis for recusal. Marshall, 148 N.J. at 279. Thus, we discern no abuse of discretion.

III.

The trial court's decision to grant a motion for a change of venue is likewise reviewed for abuse of discretion. State v. Nelson, 173 N.J. 417, 476-77 (2002). The court's exercise of discretion "must be neither arbitrary, vague nor fanciful and must be in consonance with well[-]established principles of law[;] . . . [t]he exercise of such discretion will not be disturbed on review unless it has been clearly abused." State v. Collins, 2 N.J. 406, 411 (1949).

A court may order a change of venue "if there is a substantial doubt that a fair and impartial trial can be had in the county where venue is laid." R. 4:3-3(a)(2). The movant bears the burden of demonstrating good cause for the change. Pressler & Verniero, Current N.J. Court Rules, cmt. on R. 4:3-3 (2026); see Barlyn v. Dow, 436 N.J. Super. 161, 185 (App. Div. 2014). A change of venue is warranted when there is "clear and convincing proof that a fair and impartial trial cannot be had" in a venue. State v. Koedatich, 112 N.J. 225, 267 (1988) (quoting State v. Wise, 19 N.J. 59, 73-74 (1955)).

Defendant contends the judge erred in denying a change in venue, asserting bias exists in relation to his ADA and LAD accommodation requests. He claims this alleged bias justifies transferring the case to a different venue. The record, however, fails to show bias because defendant was granted multiple accommodations and adjournments. The judge's decision to deny permanent virtual hearings was based on documented repeated disruptions and inefficiency. Absent good cause for a change in venue, we conclude the judge did not abuse her discretion in denying defendant's motion to change venue.

IV.

Given our conclusions, we need not address at length defendant's contention the judge erred in denying his reconsideration motion. A trial court's decision on a motion for reconsideration is reviewed under an abuse of discretion standard. JPC Merger Sub LLC v. Tricon Enters., Inc., 474 N.J. Super. 145, 160 (App. Div. 2022). Reconsideration should be granted where "1) the [c]ourt has expressed its decision based upon a palpably incorrect or irrational basis, or 2) it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence." Dennehy v. E. Windsor Reg'l Bd. of Educ., 469 N.J. Super. 357, 363 (App. Div. 2021) (alterations in original) (quoting Palombi v. Palombi, 414 N.J. Super. 274,

288 (App. Div. 2010)).  The moving party must "initially demonstrate that the [c]ourt acted in an arbitrary, capricious, or unreasonable manner, before the [c]ourt should engage in the actual reconsideration process."  D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990).

Here, defendant has failed to show how the judge's decision was based on a palpably incorrect or irrational basis, or that she failed to appreciate evidence presented in defendant's initial unopposed motion.  In reviewing the initial statement of reasons for both orders, we are satisfied the judge complied with Rule 1:7-4.

V.

Additionally, to the extent defendant contends the assignment judge erred in not conducting oral argument on the initial motions for recusal, change of venue, the reconsideration motions, or conduct an evidentiary hearing, we are not persuaded.  Here, defendant's motions were unopposed and failed to present a significant substantive issue requiring oral argument under Rule 5:5-4(a). Mackowski v. Mackowski, 317 N.J. Super. 8, 14 (App. Div. 1998) (citing Filippone v. Lee, 304 N.J. Super. 301, 306 (App. Div. 1997)).  The record shows there was "no evidence beyond the motion papers themselves and whatever else [was] already in the record [was] necessary [for] a decision."  Fusco v. Fusco,

186 N.J. Super. 321, 329 (App. Div. 1982). Accordingly, we discern no abuse of discretion.

To the extent we have not otherwise addressed any of defendant's remaining arguments, we determine they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

A-3858-23